WILLIAM TURNER, Respondent, *v.* LUCAS BILLAGRAM, PEDRO BEOS ADREAN, GODOY E. L. BROWN and E. R. PAYNE, Appellants.

Where a substitute sheriff (Elizor) was appointed, and the pleadings did not shew that there was no sheriff and coroner, or that these officers were disqualified : Held, that the appointment being made by a Judge having competent jurisdiction, the presumption of law is, that he faithfully performed his duty.

But if such appointment was irregular, there should have been a motion to quash the levy in the Court to which return of the writ was made ; and not in the first place, in this Court.

If an action be improperly commenced, the party bringing it having obtained the benefit, cannot avoid the responsibility he may have thus incurred, by pleading his own misfeasance.

No alteration or erasure will defeat the recovery upon a bond, unless it materially affects the rights or condition of the obligor, or is the result of a fraudulent intent to effect the same object.

A bond was made to the sheriff instead of the party to be protected by it, by mistake ; after the mistake was discovered, the name of the sheriff was erased and that of the party inserted : Held, that this did not invalidate the bond.

APPEAL from the Sixth Judicial District, Sacramento county. The complaint sets forth that, in December, 1851, the plaintiff caused to be levied by the sheriff of said County, an execution issued upon a judgment before obtained by him in said Court, in which one Juan and M. Luco were defendants, upon one hundred head of cattle as the property of said Lucos ; and that on the 31st December, 1851, the defendants in this action claimed the property ; and on application to the Court by them, the Court appointed one Cunningham an Elizor to take the cattle and deliver them to the said defendants upon their giving bond with sufficient sureties, &c. ; who took a bond, as directed, in double the value of the cattle, in which defendants bound themselves unto D. C. Govan, then deputy-sheriff, in the sum of $2000, conditioned to prosecute their action against said Govan for taking, &c., the said cattle, and for the return of the cattle to Govan, if so adjudged, and to pay him such sum as might be recovered against the said obligors in the bond. The said Elizor then replevied the cattle and delivered them to defendants, who failed

to prosecute their action against the said Govan; whereby the said bond became forfeited to him, who, on the 17th March, 1852, assigned the same to the plaintiff, who demands of said defendants the said $2000, &c.

The defendants, in their answer, admit the proceedings above stated by the plaintiff, but deny all liability thereon; and aver that the appointment of the Elizor was void; and deny that the bond became forfeited to said Govan; that the process against the sheriff or his deputy should have been directed to the coroner of the county, &c., and deny the execution of the bond to the said Govan.

The statement of the case recites, that it was agreed that in the penal portion of the bond an erasure had been made of the name of T. B. Cunningham (the Elizor), and that the name D. C. Govan was written over the name of Cunningham, which had been imperfectly scratched out.

The defendants then offered E. R. Payne, one of the co-defendants, as a witness to prove, that the erasure of the name of Cunningham and the substitution of the name of Govan, was made after the signing of the bond, and without their knowledge or consent. The Court rejected the witness; and defendants excepted.

The bond, showing the erasure and substitution, is set out in the record, with the assignment to Turner, the plaintiff.

The Court found for the plaintiff $1400, and rendered judgment accordingly, and for costs; which defendants excepted to, and moved to set aside the judgment, and for a new trial, which the Court overruled; and defendants appealed.

The grounds urged in favour of a new trial will appear in the argument.

*A. M. Heslop et al.,* for appellant.

1st. There was no evidence to sustain the judgment. The bond on which the suit was brought, was not offered in evidence. Where a bill of exceptions purports to give all the testimony, the Court will not presume there was other evidence. 2. The judgment is not sustained under the plea or answer; they deny the execution of the bond sued on, and the proof of respondent is but negative on this point; and that is destroyed by the affirmative proof of

an alteration, without consent of the appellants after it was sign-
ed.    3. Under the issues, there could be no remedy on the bond;
at best, the parties were trespassers; for the appointment of the
Elizor being without authority of law, his acts as such were a
mere nullity.   The pleadings raise the question, and the record
shows no case authorising the appointment.   Cal. Stat. 1852, p.
197, s. 57.   4. Appellants were entitled to the testimony of their
co-defendant.

HEYDENFELDT, Justice, delivered the opinion of the Court,
with which ANDERSON, Justice, concurred.

The record discloses that a substitute sheriff, called in the sta-
tute an Elizor, was appointed to seize the property sued for, and it
is said by the appellant that his appointment was without authority
of law, and his act a nullity, because it is not shown, that there
was no sheriff and coroner, or that those officers were disqualified.

The appointment was made by a judge having competent juris-
diction, and the presumption of law is, that he faithfully per-
formed his duty.

Even if there was irregularity in such an appointment, this is
not the tribunal in which first to raise the question.  It should
have been made in the Court receiving the officer's return, by a
motion to quash the service or levy.

It seems that in the proceeding which gave origin to the bond
here sued on, there was no complaint filed.   There was an affi-
davit claiming the property, and an order from the county judge
to the officer, to take the property, &c.; all of which was done
in accordance with the statute regulating suits for personal pro-
perty.   It is now insisted, that the bond taken by the officer
under that proceeding, is not a statutory bond, because no action
was ever commenced.   It is true that the mode directed by law
for commencing an action, is by filing a complaint, and such is
the only proper mode; but it does not follow that an action may
not be improperly commenced; and still less is it a result that
the party so improperly commencing, shall have all the benefit
he intended to derive from his suit, and then attempt to avoid
the responsibility he incurred, by pleading his own misfeasance.
This would be taking advantage of his own wrong, which is
against the sound principles of the common law.

The remaining objection to the recovery in this case, is the erasure of the name of the first written obligee in the bond, and the substitution of another.    The ancient doctrine was, that any erasure or alteration vitiated the bond; but under the influence of more liberal and enlightened reasoning, that doctrine has been modified to such an extent, as to enable us to inquire into the character of such alteration.

At the present time the usual way of announcing the modern decisions, is to say that the alteration must be in a material part. Now, while I am willing to admit that the total change in the obligee is a material alteration, yet I am unwilling to subscribe to the limited expression, which is most in use, or to its strict construction.    If reason is the foundation of the common law, then I feel constrained to declare, as the true principle upon this point, that no alteration or erasure will defeat the recovery upon the bond, unless it materially affects the rights or condition of the obligor, or is the result of a fraudulent intent to effect the same object.

In the case under review, the bond, it seems, was made payable to the acting sheriff, instead of the party who was to be protected by its execution; this was the result of mistake alone, and when discovered, the name of the officer was erased and that of the proper obligee inserted.   I am satisfied that this ought not to be the subject of complaint on the part of the obligors, and it would be gross injustice to permit it to invalidate the bond.

Let the judgment be affirmed, with costs.