ISAAC HUMPHREYS, Respondent, v. JAMES M. CRANE and GREGORY YALE, Appellants.

An alteration in a note which does not vary the meaning of the nature or subject matter of the contract, is immaterial.

Where an answer contains an allegation of alteration in an instrument it must state that such alteration was made with the knowledge or consent, or by the authority of the plaintiff.

Where in the body of a note, one party signs as principal, and one as surety, both are liable.

A mere neglect to sue the principal will not exonerate a surety,

In cases of joint and several contracts an administrator cannot be joined with the survivor.

APPEAL from the Superior Court of the City of San Francisco. The facts will be found distinctly stated in the opinion of the Court.

Gregory Yale—*pro se.*
No brief on file.

*Hoge & Wilson*, for Respondent.

1. The defense as pleaded is not good, because it is not averred or shown that the alteration was made without the knowledge, license or consent of the defendant, Yale. Cottero v. Williams, 1 Florida, 37, 48. Thompson v. Williams, Ib., 56. U. S. v. Linn, 1 How., 104.

2. It is not alleged that the alteration was made with the knowledge or by the authority or direction of the plaintiff. Cottero v. Williams, 1 Florida, 49. Ib., 61. U. S. v. Linn, 1 How., 110. Henfree v. Bromley, 6 East, 309. Wilkes v. Caulkes, 5 Har. and J., 36. Lee v. Alexander, 9 B. Mon., 25. Rees v. Overbaugh, 6 Cow., 746. Warring v. Smith et al., 2 Barb., Ch. R., 119. Lewis v. Payne, 8 Cow., 71. Nichols v. Johnson, 10 Conn., 192.

3. The alteration of an instrument to avoid it must be material. Turner v. Billagram, 2 Cal., 523.

4. An alteration is immaterial, where it is of what the law would imply, and which does not vary the nature, subject matter, or value of

the contract. Martendale v. Follett, 1 N. H., 97. Hunt v. Adams, 6 Mass., 519. Granite R. R. Co. v. Bacon, 15 Pick., 242. Foote, v. Bragg, 5 Blackf., 363. An alteration which does not vary the meaning, by a party claiming under it, or by virtue of it, will not destroy it where the legal effect is not made different. Nichols v. Johnson, 10 Conn., 192. Smith v. Crocker, 5 Mass., 538. Stone v. Wilson, 4 McCord, 203. Whiting v. Daniel, 1 Hen. & Munf., 291. Brown v. Pinkham, 18 Pick., 172.

5. The tearing off the memorandum did not change the legal effect and construction of the instrument. Where in the body of a note one signs as principal and one as surety, it has always been held to be made by each as an original promisor. Hunt v. Adams, 5 Mass., 361. Ib., 521. Frye v. Baker, 4 Pick., 384. U. S. v. Cushman, 2 Sumner, 436. 6 John. Ch., 309. East India Co. v. Rodan, 9 Ves., 464. Warner v. Helm, 1 Gilman, 230. Stringfellow v. Williams, 6 Dana, 237. Suydam v. Westfall, 2 Denio, 204. Wilson v. Campbell, 1 Scam., 494. Hunt, Administrator, v. Adams, 6 Mass., 522.

6. In attempting to show want of consideration the answer really shows a good and legal consideration. The consideration between Crane and Humphreys is sufficient to bind the surety of Crane.

7. Mere delay to sue the principal does not discharge the surety. Ch. on Con., 531. Davis v. Huggins, 3 N. H., 231. Baldwin v. King, 2 Johns., Ch. 554. Manning v. Shotwell, 2 Southard, 585. Buchanan v. Bradley, 4 Har. & McHen., 41. Croughton v. Duvall, 3 Cal., 60. Lennox v. Prior, 3 Wheat., 524. Pickett v. Land, 2 Bailey, 608. Hogaboom v. Herrick, 4 Verm., 431. Townsend v. Riddell, 2 N. H., 451. De Huff v. Turbett, 3 Yea., 157. Mahurin v. Pierson, 8 N. H., 540. Ex. of Dennis v. Rider, 2 McLean, 451. Crane v. Newell, 2 Pick., 613 and note. Frye v. Baker, 4 Pick., 384. Jenkins v. Clarkson, 6 and 7 Ohio, 267. Warner v. Beardley, 8 Wend., 198. Pintard v. Davis, 7 N. J., 632. The proper course for the surety to pursue would be to pay the debt, and himself sue the principal, or go into a Court of Chancery and compel the creditor to sue the principal. 1 Story's Eq. Jurisp., § 639. Nesbrit v. Smith, 2 Bro. Ch., 579. Hays v. Ward, 2 Johns. Ch., 123. In most of the States there are statutes on the subject. There is such a statute in California. See Stat. 1851, p 134, § 527.

8. The administrator of Tompkins was properly omitted. In cases of joint contract, if one of the parties die, his executor or administrator is at law discharged from liability, and the survivor alone can be sued. If a contract is joint and several, the administrator cannot be sued jointly with the survivor, for the one is charged *de bonis testatoris*, and the other *de bonis propriis*. 2 Ch. Pl., pp 39, 40, and cases cited.

Murray, C. J., delivered the opinion of the Court. Heydenfeldt, J., concurred.

This was an action in the Court below upon a promissory note made by Crane, Yale, and Tompkins. Before suit was commenced, Tompkins died, and the suit was brought against Crane and Yale. Crane suffered a default, and Yale appeared and answered—First, that the defendants, Yale and Tompkins, had signed said note as sureties, and had made a memorandum upon said note to that effect upon the delivery thereof, which memorandum had been torn off for the purpose of charging them as principals or makers. Second, that he was only an accommodation indorser. Third, that said plaintiff had failed and neglected after the maturity of said note to enforce the payment thereof from said Crane, the principal. Fourth, that the administrator of Tompkins should have been joined.

The plaintiff demurred to this answer, and the demurrer was sustained, from which the defendant, Yale, appeals. The demurrer was well taken—First, because the answer does not aver that the alteration was made with the knowledge or consent, or by the authority of the plaintiff; and Second, because the alteration was not material, as far as it affects any of the matters set up in defense. The defendants were liable to the plaintiff, whether they signed as principals or sureties, and it is well settled that an alteration which does not vary the meaning, the nature, or subject matter, of the contract is immaterial. The second plea or answer is no defense, as it sets up that the money was actually loaned by the plaintiff to Crane, and this consideration passing between the plaintiff and Crane is sufficient to bind the sureties of Crane. The third defense set up in the answer is no bar to the plaintiff's recovery. It never has been held within my knowledge that a mere neglect to sue would exonerate a surety. In the cases of Pain *v.* Packard, 13 Johns., 174. King *v.* Baldwin, 17 Johns.,

384, it was held that a refusal to sue after a special request by the surety would be sufficient to discharge the surety. But these decisions have since been doubted and overruled. In Herrick *v.* Borst, 4 Hill, 650, commenting on these cases, Cowen, Justice, says, " What principle such a defense could have found to stand on in any Court, it is difficult to see. It introduces a new term into the creditor's contract, It came into this Court without precedent, was after repudiated by the Court of Chancery, as it always has been, both at law and equity in England, but was restored, on a tie, in the Court of Errors turned by the casting vote of a layman."

The only remedy we can see for a party is to pay the amount and bring his action against the principal, or to tender indemnity to the payee and resort to a Court of Chancery to compel him to enforce the payment.

The administratrix of Tompkins was properly omitted as a party defendant. In cases of joint and several contracts an administrator cannot be joined with the survivor, for one is charged *de bonis testatoris*, and the other *de bonis propriis*.

The judgment of the Court below was correct, and is affirmed with costs.