## SHERMAN *v.* ROLLBERG.

The Supreme Court will not notice errors assigned, unless there is a proper state-
ment on appeal.

An answer to a suit on a promissory note by the assignee, which sets up as one
defense : 1st. That the note was made payable to order, and was afterwards
fraudulently altered by inserting the word " bearer " in lieu of the word " order."
2d. That the defendant paid the note before assignment. 3d. Note was assigned
to plaintiff after maturity, etc. : *Held,* not fatally defective.

APPEAL from the County Court of Colusa county.

This was an action brought in a Justice's Court on the following
promissory note :

"$95.                                          COLUSA, Feb. 1st, 1856.

" For value received, I promise to pay Harvey Phelps, or bearer,
the sum of ninety-five dollars, one day after date, with interest at three
per cent. per month.

" HENRY ROLLBERG."

The defendant filed his answer in the Justice's Court ; a jury trial
was had, and verdict and judgment for plaintiff, from which the defend-
ant appealed to the County Court.

The defendant made an application to the County Court to amend
his answer, which was granted, and thereupon he filed an amended
answer of great length, setting up various grounds of defense as one
defense. The grounds upon which this Court considered, sufficiently
appear in the opinion of the Court.

The answer was verified.

The plaintiff demurred to this answer, and the demurrer was over-
ruled. The cause was tried in the County Court by a jury, who re-
turned a verdict for the defendant, upon which judgment was entered.
Plaintiff moved the Court for a new trial, which was granted on condi-
tion that plaintiff pay all costs, which he declined to do and appealed
to this Court.

*O. Stewart* for Appellant.

The defendant's amended answer in this case only makes two points
as a defense ; one, an alleged alteration of the note sued on, the other,
payment ; neither of which under the pleadings can amount to a defense.

Sherman v. Rollberg.

1st. The defense set up as to the alteration is not good, because it is not averred that the alleged alteration was made with the knowledge, or by the authority or direction of plaintiff. Humphreys v. Crane & Yale, 5 Cal. 173 ; U. S. v. Linn, 1 How. 110 ; Henfree v. Bromly, 6 East. 309 ; Lewis v. Payne & Cow., 71 ; Nichols v. Johnson, 10 Conn. 192 ; Rees v. Ovenbaugh, 6 Cow. 746 ; Warring v. Smith et al., 2 Barb. Ch. R. 119.

Any other doctrine would destroy all faith in commercial transactions, for every suit upon a written instrument might be defeated, without any fault of plaintiff either by the defendant or a third person.

2d. The alteration of an instrument to avoid it must be material. Turner v. Billagram, 2 Cal. 520. An alteration to be material must be such as· to materially affect the rights of the obligor. *Ib.*

3d. The alteration alleged in defendant's answer does not affect the rights of the obligor, for it makes no difference to him whether the note reads payable to order or bearer, as far as his liability to pay is concerned. From the admissions in defendant's amended answer, if the alteration (for the sake of the argument) could be considered material, it would only temporarily suspend the right of recovery in the plaintiff until he could get the note endorsed over to himself, which is conclusive that the alleged alteration is immaterial, as far as the rights of the obligor are affected.

4th. An alteration is immaterial which does not vary the nature, subject matter or value of the contract. Humphreys v. Crane and Yale, 5 Cal. 173 ; Martindale v. Follet, 1 N. H. 97 ; Hunt v. Adams, 6 Mass. 519 ; Granite R. R. Co. v. Bacon, 15 Pick. 242. I cannot see how defendant's alleged alteration can have any such effect.

5th. The defense of alteration is not good, because it does not allege any time at which such alteration was made. To be a good defense, it should have been alleged to have been made after the execution of the note ; for the presumption of law is, that it was made at or before its execution. 1 vol. Greenleaf on Ev. § 564.

6th. Any change in a written instrument, to make it an alteration so as to amount to a defense, must be charged to have been done by the party claiming under it ; otherwise it is a mere spoilation, and no defense. 1 vol. Greenleaf on Ev. § 566.

7th. The allegations of other alterations and defacements are too vague to demand any notice.

8th. Defendant charges, that if the note was assigned to A. L. Sherman, " 'twas after it was due." Said Sherman does not sue as assignee, but as holder of the note payable to bearer; hence none of these charges are any defense.

9th. If plaintiff took the note after due, he would only be affected by equities between the original parties, and not subject to such as subsisted between intermediate holders. Vinton v. Crow, 4 Cal. 309; Story on Promissory Notes, § 178; Ib., note 4; Chitty on Bills, page 246. Also, note a; Ib. 24, and a note.

10th. If Neal was the agent of Rollberg, and took the note up as such agent, and passed it to a third person, such third person becomes an innocent bona fide holder; and as between such holder and Rollberg, Neal's acts are binding, unless fraud or collusion is charged between them, which defendant has not charged.

11th. Neal must have held said note either in the character of intermediate holder or agent. If intermediate holder, no off-setts are good as against plaintiff; if agent, his acts must bind defendant unless fraud or collusion is charged with plaintiff; either horn of the dilemma will defeat the defense set up. If the former decisions of this Court are correct, then our position is right, and the defense must fall.

*L. Sanders, jr.*, for Respondent.

As to the matters set forth in the defendant's answer, and the plaintiff's demurrer thereto, respondent supposes it cannot be assigned or regarded as error here; first, because there was no complaint on the part of plaintiff below; secondly, our statutes regulating proceedings before justices of the peace do not require the pleadings to be in writing, and although the answer may not be technically correct, it shows two grounds of objection to any judgment of this Court directing a reversal of the judgment of the County Court. Because the cause was submitted to the jury, both on the question of payment, and on the question of alteration made by some holder without the authority or consent of the respondent, we therefore ask for an affirmance of the judgment as well for this as the previous reason.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This is an appeal from a judgment. Various errors are assigned, but we cannot notice them for want of a proper statement.

No other error is assigned except the overruling of the demurrer to the amended answer. This pleading is rather loosely drawn, even for County Court practice, but we think it not fatally defective. If the point of the defense were the alteration of the note, the argument of the appellant would be conclusive ; but we do not so consider it. The real defense attempted to be set up is, that the note was made payable to order, and was afterwards fraudulently made payable to bearer ; that the defendant paid the note before the plaintiff became assignee of it; that the defendant became assignee after the note was due. All these matters are stated as one defense, and not separately, and if true, are amply sufficient to defeat the action.

Judgment affirmed.