[No. 11405.   Department Two. — September 21, 1886.]

## THOMAS B. TAYLOR, RESPONDENT, *v.* JACOB TERRY, APPELLANT.

LANDLORD AND TENANT — LEASE TO COMMENCE IN FUTURO — TENANT NOT ENTITLED TO POSSESSION BEFORE BEGINNING OF TERM. — Where a lease is made for a definite term, and prior to its expiration the landlord enters into a new lease with the tenant to commence on a date subsequent to the termination of the first lease, the tenant is not entitled to the possession of the demised premises during the interval between the termination of the first and the commencement of the second lease.

ID. — UNLAWFUL DETAINER — JUDGMENT — EXCESSIVE DAMAGES. — In an action of unlawful detainer, a judgment in favor of the plaintiff for fifty dollars damages is not excessive, when it appears that the land in controversy has been detained for a period of fifty days, and that the value of the rents and profits thereof is thirty dollars per month.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion.

*Budd & Scanlan,* and *Kittrell & Maddux,* for Appellant.

*Stonesifer & Minor,* for Respondent.

BELCHER, C. C. — This is an action for unlawful detainer. The plaintiff recovered judgment, from which the defendant appealed, and the case comes here on the judgment roll.

It appears from the findings that on the first day of October, 1884, the plaintiff leased to the defendant, by verbal lease, the land in question for the term of one year, commencing on the first day of October, 1884, and ending on the first day of October, 1885; that on the sixth day of August, 1885, the plaintiff again, by verbal lease, leased the land to the defendant for the term of one year, to commence the first day of December, 1885, and end on the first day of December, 1886; that the plaintiff promised and agreed to reduce the last-mentioned lease to writing, but failed and refused to do so; that the de-

fendant continued in possession of the property after the expiration of the term for which it was first let to him, without the permission of the plaintiff; that on the fifth day of October, 1885, the plaintiff made demand in writing that the defendant deliver up and surrender the possession of the premises, but the defendant then refused and still refuses to do so; that after such demand more than three days elapsed before the commencement of the action, and that the value of the rents and profits of the premises is the sum of thirty dollars per month.

It further appears from the record that the action was commenced on the twentieth day of October, 1885, and on the twentieth day of November following judgment was rendered that the plaintiff recover possession of the property and the sum of fifty dollars damages, which were trebled.

It is argued by the appellant that the verbal lease of the 6th of August was a valid lease, though the term was not to commence till the 1st of December; and in support of this he cites *Young* v. *Dake*, 5 N. Y. 463; S. C., 55 Am. Dec. 356; *Becar* v. *Flues*, 64 N. Y. 518; Civ. Code, sec. 1624, subd. 5.

On the other hand, it is contended by the respondent that the lease of the 6th of August was within the statute of frauds and void; and in support of his contention he cites *Pulse* v. *Hamer*, 8 Or. 251; *White* v. *Holland*, 2 West Coast Rep. 671; *Wolf* v. *Dozer*, 22 Kan. 436; *Atwood* v. *Norton*, 31 Ga. 507; *Delano* v. *Montague*, 4 Cush. 42; Civ. Code, sec. 1624, subd. 1.

The question thus presented does not arise in the case, and we shall therefore not attempt to decide it.

Conceding that a parol lease for a year, where the term is to commence at a subsequent time, is valid and binding, still, as the defendant's first lease expired on the first day of October, and the term of the second did not commence till the first day of December, it is clear that the plaintiff was entitled to the possession of the prop-

erty during the intervening term, and the defendant had no right to detain it from him. As said in *Young* v. *Dake, supra:* "The time between the making of the lease and its commencement in possession is no part of the *term* granted by it. The *term* is that period which is granted for the lessee or tenant to occupy and have possession of the premises. It is the estate or interest which he has in the land itself by virtue of the lease from the time it vests in possession."

As the defendant had no right to the land when the plaintiff demanded its possession, and when the action was commenced and determined, it is evidently altogether immaterial whether he had a valid lease to take effect on some future day, or not.

The notice to vacate and give up the property was proper and sufficient.

The damages awarded were not excessive. The defendant admitted by his answer, and the Court found, the value of the rents and profits to be thirty dollars per month. As the defendant wrongfully detained the property fifty days, it was proper to estimate the damages at fifty dollars.

The judgment should be affirmed.

FOOTE, C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.