[Civ. No. 1119. First Appellate District.—June 21, 1913.]

## M. C. LASKY, Appellant, v. GEO. E. BEW et al., Respondents.

LANDLORD AND TENANT—CHANGE IN DATE OF LEASE AS DISCHARGE OF GUARANTOR.—The guarantor of a lease is not discharged by a change, without his knowledge or consent, of the date for the beginning of the term from July to August, when the lease contains the provision that the rent shall commence upon the completion of the improvements, and from the language of the instrument it is clear that the beginning of rent and the beginning of the term are intended to be coincident in point of time. Such change is not material.

ID.—ALTERATION OF INSTRUMENT—RELAXATION OF RULES CONCERNING. The old rule that any change in a written contract, made by a party thereto without the knowledge or consent of an obligor thereon, discharges him from liability, has been much relaxed, and the rule in most jurisdictions now is that the change must be a material change.

ID.—MATERIALITY OF ALTERATION—ON WHAT DEPENDS.—The materiality of the change, however, does not depend upon whether or not the party not consenting thereto will be benefited or injured by the change, but rather upon whether or not the change works any alteration in the meaning or legal effect of the contract.

ID.—MATERIAL ALTERATION—WHAT CONSTITUTES.—A material alteration is one that works some change in the rights, interests, or obligations of the parties to the writing.

ID.—CONSTRUCTION OF LEASE—DATE OF COMMENCEMENT OF TERM.—If the beginning of the term is not expressly fixed by a lease, the entire instrument must be searched to ascertain the intention of the parties on that point.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Louis H. Brownstone, for Appellant.

Lilienthal, McKinstry & Raymond, and J. S. Reid, for Respondents.

HALL, J.—Plaintiff brought this action as assignee of M. C.
Lasky, and B. E. Lasky, copartners, to recover rentals in the
sum of $1,375, and interest, on the monthly installments
thereof as they fell due, upon a lease, under which Geo. E.
Bew was the lessee and of which defendant J. Allec was
claimed to be the guarantor.

Plaintiff recovered judgment against the defendant Bew,
the lessee, as prayed for, but failed to recover judgment
against defendant Allec, the alleged guarantor, who recovered
judgment for his costs. Plaintiff appealed from that part of
the judgment denying him a recovery against the guarantor.

There is also in the record an appeal from an order denying
plaintiff's motion for a new trial as against defendant Allec,
but appellant in this court makes no point upon such appeal,
but relies for a reversal of the judgment attacked solely upon
the ground that upon the findings as made by the court he is
entitled to judgment as prayed for against Allec.

The facts, as set forth in the findings of the court, upon
which the correctness of the judgment depends, are that de-
fendant Allec signed a written guaranty, at the request of
Bew, guaranteeing the performance upon the part of Bew of
the conditions of a certain lease to which it was attached, and
to which it referred, but which lease was not then executed
or signed by either the lessors or the lessee. The guaranty
was signed and bore date July 20, 1906.

The lease provided for certain improvements to be made by
the lessors, and in terms provided that the rent reserved should
commence at the completion of the improvements. The end-
ing of the term was fixed at a certain date, but the beginning
of the term was not expressly or in terms fixed. When Allec
signed the guaranty the lease was not dated otherwise than
as appeared in the first line thereof, which was as follows:
"This indenture, made this ...... day of July, 1906," etc.,
etc.

Thereafter, on the said twentieth day of July, 1906, before
the execution of said lease by Lasky & Lasky and Bew, they,
without the knowledge of Allec, changed the first line thereof
so that it read: "This indenture, made this 1st day of August,
1906," and thereupon said lessors and lessee signed and exe-
cuted the same, and the guaranty with the lease as so changed,
attached thereto, was on said day delivered to the lessors, and

all without knowledge upon the part of Allec of the change in the lease above referred to.

The court found "that the date 1st day of August, was inserted in said lease because the said lessors and said lessee at such time, to wit, July 20, 1906, agreed that the rent should begin from said day."

From the testimony and the whole record it is manifest that the court by this finding meant no more than that the lessors and lessee had orally agreed that the rent should begin on said day. Such oral agreement, however, could not change the plain and express provision of the writing that the rent should commence on the completion of the improvements, so we think this finding as to the reason for the change is unimportant.

The entire findings made by the court would and do support a judgment as prayed for against respondent Allec as well as against Bew, the lessee, unless the alteration in the date of the lease above set forth avoided the guaranty signed by Allec.

The contention of the respondent Allec is that by the change in the date of the lease without the knowledge or consent of Allec, the guarantor, he was discharged from any liability, or, more correctly speaking, that the alteration operated such a change in the meaning and legal effect of the lease that it became and was a different contract from the one attached to and referred to in the writing signed by him; that these facts support and establish the defense of *non est factum*. It was doubtless upon this theory that the court denied plaintiff any relief as against Allec though granting judgment against the lessee, Bew, as prayed for.

It is not disputed by respondent but that it was proper for Bew and the Laskys to fill in the blank so as to give to the lease the date upon which it was in fact executed in July; but it is insisted that by the inserting of "1st" in the blank and the substitution of "August" for "July" a material change was made in the meaning and legal effect of the lease, which prevented the attaching of any liability thereon upon the part of Allec, the guarantor.

The old rule was that any change in a written contract made by a party thereto without the knowledge or consent of an obligor thereon discharged such obligor from liability thereunder. This rule has been much relaxed, and the rule in most

jurisdictions now is that the change must be a material
change. The materiality of the change, however, does not
depend upon whether or not the party not consenting thereto
will be benefited or injured by the change, but rather upon
whether or not the change works any alteration in the mean-
ing or legal effect of the contract. (*Turner* v. *Billagram,* 2
Cal. 520; *Humphreys* v. *Crane,* 5 Cal. 173.)

A material alteration is one that works some change in the
rights, interests, or obligations of the parties to the writing.
(See note to *Burgess* v. *Blake,* 86 Am. St. Rep. 78, and cases
cited under heading "What alterations are material," at
page 86.)

Tested by this rule we do not think that the alteration made
in the date of the lease was a material alteration. It is true
that in the same note to *Burgess* v. *Blake,* as reported in 86
Am. St. Rep., it is said in effect that it is settled that a
change in the date of a written contract in which a date is a
usual or necessary part, is a material change that vitiates the
contract (p. 99); but an examination of the numerous cases
cited in support of the doctrine thus announced discloses
that in each case the change in date did have an effect upon
the rights and obligations of the parties to the writing. In
most of the cases cited the instrument thus changed was a
promissory note or bill of exchange, in which the date of the
instrument either directly or by reference thereto fixed the
maturity of the obligation or the payment of interest. In
each of the cases referred to the date of the instrument did
have some effect upon the rights or obligations of the parties
to the instrument.

In the case at bar the beginning of rent is expressly fixed
at the completion of the improvements provided for, and the
ending of the term is also expressly fixed at a designated
date. The instrument took effect as a contract upon its ex-
ecution and delivery, which is found to have been upon July
20, 1906, the date of the guaranty. The only other condition
of the lease that it may be at all plausibly contended could be
affected by the date of the lease is the beginning of the term
under the lease. The beginning of the term is not necessarily
affected by the date of the lease. (*Taylor* v. *Terry,* 71 Cal.
46, [11 Pac. 813].) In the lease before us the beginning of
the term is not expressly fixed by the lease. In such a case

the entire contract must be searched to ascertain therefrom, if possible, the intention of the parties upon the point. If there be nothing in the contract as written which will determine the intention of the parties upon this point it may be that the date of the lease, especially where the actual and nominal date coincide, will fix the beginning of the term (1 Tiffany on Landlord & Tenant, p. 53).

But the lease in this case contains the provision that the rent shall commence upon the completion of the improvements. The lease is "for a term which shall end and terminate on the first (1st) day of June, 1909" at a rental "For the first six (6) months thereof the sum of fifty dollars per month," and for the second six months at sixty-five dollars per month, and for the balance of the term at seventy-five dollars per month. From this language it is clear that the beginning of rent and the beginning of the term were intended to be coincident in point of time. The rent was to begin upon the completion of the improvements, and for the first six months of the *term* was to be at the rate of fifty dollars per month. This rate of rental was for the *first* six months of the term. In consequence the beginning of rental and of the term must be coincident in point of time. Each began with the completion of the improvements, and neither is fixed nor affected by the nominal date of the instrument. Under no fair construction of the lease as it is written can it be held that the nominal date of the lease has any effect upon the legal effect of the contract, or upon any of the rights or obligations of the parties, or upon the nature or subject matter of the contract; and for this reason the change of the date was not a material change in the lease. The change in the date of the lease did not avoid the guaranty; and upon the facts found plaintiff was entitled to judgment against respondent Allec, the guarantor, as well as against his co-defendant Bew, the lessee.

The order denying the motion for a new trial is affirmed, but that part of the judgment appealed from is reversed, and the trial court is directed to enter judgment upon the findings in accordance with the views herein expressed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 21, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on August 20, 1913.