[Civ. No. 2398. Second Appellate District, Division One.—December 10, 1919.]

## G. RUPERT JOHNSON, Appellant, v. E. C. QUINBY, Respondent.

[1] GUARANTY—AGREEMENT COLLATERAL TO LEASE—PURCHASE OF FURNITURE—PART PAYMENT BY LESSOR—BREACH BY LESSEE—EXONERATION OF GUARANTOR.—Where an agreement collateral to a lease and guaranty provides that the lessee is to purchase certain furniture for the demised premises, at not to exceed a given cost, one-half of the cost of which, not to exceed one-half of the sum specified, is to be advanced by the lessor, and that upon the payment of the balance of the purchase price by the lessee, the lessor is to be given a mortgage thereon as security for the money advanced and for the faithful performance of the covenants of the lease, and the guarantor of the performance by the lessee of the covenants of the lease is thereupon to be released from further liability, such guarantor cannot defeat recovery against him by the lessor on the ground that the lessee purchased furniture at a cost in excess of the amount specified, provided the lessor paid the maximum amount agreed to be paid by him.

[2] ID.—KNOWLEDGE BY LESSOR OF ACTS OF LESSEE—GUARANTOR NOT EXONERATED.—The fact that such purchase of furniture in excess of the specified maximum amount was without the knowledge or consent of the guarantor, and that within three or four months thereafter the lessor, knowing that the total purchase price had exceeded the limit agreed upon, and consenting thereto, paid on account of the purchase price the sum agreed to be paid by him, did not exonerate the guarantor, under the provisions of section 2819 of the Civil Code.

_____

1. Contract of guaranty, note, 105 **Am. St. Rep.** 502.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

Taylor & Forgy for Appellant.

Eugene D. Williams and Allen W. Ashburn for Respondent.

SHAW, J.—This action involves plaintiff's right to recover $680 from defendant upon his written guaranty that Mrs. Church, as lessee of an apartment house owned by plaintiff, would pay the rental reserved in the lease. Judgment was rendered in favor of defendant, from which plaintiff appeals.

It appears that at the time of the execution of the lease to Mrs. Church the defendant executed a written instrument whereby he guaranteed the performance on her part of all the covenants contained in the lease, one of which was to pay the rent specified therein. That at the same time and in connection therewith an instrument in writing, designated as "Agreement Collateral to Lease and Guaranty," to which Mrs. Church, plaintiff, and defendant were all parties, was executed whereby, after reciting the making of the lease, execution of defendant's guaranty, and contemplation of the parties that the apartment house should at once be furnished, it was agreed that all necessary furniture should be purchased from Barker Brothers under contract of the lessee, at a total price not to exceed ten thousand dollars, one-half of which, not to exceed five thousand dollars, should be advanced and paid by the lessor for and on behalf of the lessee, who was to pay the other half of the purchase price to Barker Brothers in accordance with such mutually satisfactory agreement therefor as might be made; that when Barker Brothers were fully paid, the lessee should then commence the making of payments to the plaintiff in liquidation of the sum so advanced by him in payment for the furniture, and at the same time execute to plaintiff a chattel mortgage thereon, as security for the payment of such advancement and also as security for the lessee's covenants in the lease, and thereupon defendant, as to any rents which might thereafter accrue, should be released from liability as

guarantor. It is conceded that the written guaranty and this collateral instrument must be construed together as one agreement.

The answer set up five separate defenses, but since the court found that $680 was due as rent for the month of October, 1916, no complaint is made by appellant as to adverse findings made upon issues raised by the first, second, and fifth defenses contained in the answer.

[1] The fourth defense is based upon the theory that by the terms of the collateral agreement plaintiff was required to pay one-half the cost of the furniture, which cost, instead of ten thousand dollars, was thirteen thousand seven hundred dollars, upon which plaintiff paid five thousand dollars, or thirty-six and one-half per cent thereof, and hence there was imposed upon the lessee the burden of paying eight thousand seven hundred dollars to Barker Brothers before she could execute the mortgage, which, as provided in the agreement, should release defendant from liability as guarantor. A general demurrer was interposed to this defense and by the court overruled. Not only did the court err in so ruling, but likewise erred in basing a finding upon its interpretation of the contract to the effect that this act *"constituted an alteration of the agreement of guaranty,"* in that since he paid only five thousand dollars upon the cost of the furniture, "the portion of the purchase price necessary to be paid to Barker Brothers by said Fannie L. Church under the terms of said collateral agreement, before defendant would be released from his said guaranty, was increased by the sum of about $1,750." By the express terms of the three-party agreement, the lessee, so far as her purchase of furniture was made the subject thereof, was restricted to a sum not exceeding ten thousand dollars, of which plaintiff was to pay in cash one-half, but *in no event more than five thousand dollars,* which he paid. The terms of the agreement are plain and explicit and there are no allegations in the pleading designated "Defendant's Fourth Defense" as to any acts committed by plaintiff, other than the fact that he complied with the agreement by paying five thousand dollars, upon which the claim can be asserted that he did anything detrimental to the interest of the guarantor.

[2] By the third defense, after setting forth the guaranty and collateral agreement, it is alleged that after the

execution thereof, "the said lessee purchased furniture at a price greatly in excess of the sum of ten thousand dollars, to wit, at a price of about thirteen thousand seven hundred dollars, which said purchase was made without the knowledge or consent of defendant; that thereafter, within *a period of some three or four months,* the plaintiff, well knowing that the total purchase price of said furniture had exceeded by a large amount the sum of ten thousand dollars, to which it was limited in the agreement heretofore set forth, and consenting thereto, paid to Barker Brothers on account of the purchase price of said furniture, the sum of five thousand dollars." That the effect of such acts on the part of plaintiff was detrimental to defendant in this, "that it became necessary for said lessee to pay to Barker Brothers the sum of about eight thousand seven hundred dollars, instead of the sum of five thousand dollars, which the agreement provided, before the defendant could be released from his obligation as guarantor under the said guaranty." A general demurrer was likewise interposed to this defense and by the court overruled. Section 2819 of the Civil Code provides that "A guarantor is exonerated, . . . if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect." And in *County of Glenn* v. *Jones,* 146 Cal. 518, [2 Ann. Cas. 764, 80 Pac. 695], it is said: "The contract of suretyship imports entire good faith and confidence between the parties as to the whole transaction. The creditor is bound to observe good faith with the surety. He must withhold nothing, conceal nothing, release nothing which will possibly benefit the surety. He must not do any act injurious to the surety or inconsistent with his rights." Conceding that the lessee's act in buying furniture at a price in excess of that authorized by the agreement was a violation of its terms, nevertheless we are at a loss to perceive how plaintiff's act, in compliance with the terms of the agreement on his part, was detrimental to the interest of the defendant. There is no allegation that plaintiff aided, assisted, advised, or participated in the alleged wrongful act of the lessee. Assuming for the purpose of this case only that the recitals, "well knowing" and "consenting," are equivalent to direct allegations, the allegation is that such knowledge was not acquired and such consent given until *three or four months after* the purchase was

made. Moreover, it is not alleged the lessee failed to pay Barker Brothers the sum of five thousand dollars, which under the terms of the agreement she was to pay before the execution of the mortgage provided therein as a release of defendant's liability. Indeed, for aught that appears to the contrary, she may have paid the entire balance of eight thousand seven hundred dollars. While a guarantor's contract must be construed strictly as against the creditor, and any agreement made by him with the principal debtor, the effect of which is to alter or change the contract, will exonerate the surety, nevertheless, in the absence of facts showing that the lessee, due to some act of plaintiff, was in default to Barker Brothers, the pleading is not sufficient to constitute a defense in that it fails to show any act of plaintiff changing or altering the contract.

The court erred in overruling the demurrer, from which it follows that it likewise erred in permitting evidence over plaintiff's objection tending to show that defendant did participate with the lessee in purchasing furniture in excess of the cost agreed upon.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.