[Civ. No. 4064. Second Appellate District, Division One.—May 7, 1923.]

## G. RUPERT JOHNSON, Appellant, v. E. C. QUINBY, Respondent.

[1] GUARANTY — AGREEMENT COLLATERAL TO LEASE — PURCHASE OF FURNITURE AT EXCESS COST—KNOWLEDGE AND CONSENT OF LESSOR —EXONERATION OF GUARANTOR.—Where, in connection with a lease and guaranty, the lessor, the guarantor, and the lessee agree that the lessee is to purchase furniture necessary to furnish the leased premises, at a total price not to exceed a specified sum, and that one-half of the total purchase price, not to exceed one-half of said specified sum, is to be advanced and paid by the lessor, for and on behalf of the lessee, who is to pay the remainder of the purchase price, and it is further agreed that when the purchase price is fully paid, the lessee shall then commence the making of payments to the lessor in liquidation of the "other half" so advanced by him, and at the same time execute to the lessor a chattel mortgage thereon as security for the payment of such advancement, and also as security for the lessee's covenants in the lease, and that thereupon the guarantor, as to any rents which might thereafter accrue, should be released from liability as guarantor, such guarantor is exonerated from liability for future rentals when the lessee, with the knowledge, consent, assistance, and advice of the lessor, but without the knowledge or consent of the guarantor, purchases furniture on credit at a cost in excess of the maximum sum specified, and the lessor pays only one-half of said specified maximum sum.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Taylor & Forgy for Appellant.

Eugene D. Williams for Respondent.

CONREY, P. J.—This action involves the plaintiff's right to recover from defendant upon his written guaranty that Mrs. Church, as lessee of an apartment house owned by the plaintiff, would pay the rental reserved in the lease. The case was here on a former appeal from a judgment ren-

dered in favor of the defendant. On that appeal the judgment was reversed. (*Johnson* v. *Quinby,* 44 Cal. App. 699 [187 Pac. 172].)

After the former judgment in favor of the defendant had been reversed, the case was tried a second time and judgment again rendered in favor of the defendant. From this judgment the plaintiff now appeals.

Since the former decision here the plaintiff filed an "amended supplemental complaint" showing the accrual of further rentals and a balance due to the plaintiff larger than the amount of the original demand. The defendant then filed a "second amended answer to the complaint and answer to amended supplemental complaint." On these pleadings the case was tried a second time.

[1] In connection with the lease and guaranty a collateral agreement was made between the plaintiff, the defendant, and Mrs. Church, which recited that whereas there was a contemplated purchase by the lessee from Barker Brothers of necessary furniture to furnish the leased apartment house, at a total price not to exceed ten thousand dollars, it was agreed that of this total purchase price one-half thereof, not to exceed five thousand dollars, was to be advanced and paid by the lessor, for and on behalf of the lessee, who was to pay the remaining half of the purchase price to Barker Brothers in accordance with the terms of the agreement of purchase when made. It was further agreed that when Barker Brothers were fully paid, the lessee should then commence the making of payments to the lessor in liquidation of the "other half" so advanced by him in payment for the furniture, and at the same time execute to the lessor a chattel mortgage thereon as security for the payment of such advancement, and also as security for the lessee's covenants in the lease, and that thereupon the defendant, as to any rents which might thereafter accrue, should be released from liability as guarantor.

In the former decision of this court it was held that the court erred in overruling the plaintiff's demurrer to the answer of the defendant; it being the opinion of the judges that those portions of the answer which were there considered and discussed did not state any valid defense to the plaintiff's cause of action. Those parts of the complaint were designated as the fourth defense and the third defense.

The said fourth defense has become the third defense of the second amended answer. It is conceded by counsel for respondent that the changes which have been made in the allegations of this defense as stated in the answer are not sufficient to relieve it from the effect of the former decision. Respondent now relies solely upon the second defense of his second amended answer, which is an amended statement with some additional facts of the matters which were discussed as "the third defense" in said former decision of this court.

In that decision the court said: "By the third defense, after setting forth the guaranty and collateral agreement, it is alleged that after the execution thereof, 'the said lessee purchased furniture at a price greatly in excess of the sum of ten thousand dollars, to wit, at a price of about thirteen thousand seven hundred dollars, which said purchase was made without the knowledge or consent of defendant; that thereafter, within *a period of some three or four months,* the plaintiff, well knowing that the total purchase price of said furniture had exceeded by a large amount the sum of ten thousand dollars, to which it was limited in the agreement heretofore set forth, and consenting thereto, paid to Barker Brothers on account of the purchase price of said furniture, the sum of five thousand dollars.' That the effect of such acts on the part of plaintiff was detrimental to defendant in this, 'that it became necessary for said lessee to pay to Barker Brothers the sum of about eight thousand seven hundred dollars, instead of the sum of five thousand dollars, which the agreement provided, before the defendant could be released from his obligation as guarantor under the said guaranty.' A general demurrer was likewise interposed to this defense and by the court overruled. Section 2819 of the Civil Code provides that 'A guarantor is exonerated, . . . if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect.' And in *County of Glenn* v. *Jones,* 146 Cal. 518 [2 Ann. Cas. 764, 80 Pac. 695], it is said: 'The contract of suretyship imports entire good faith and confidence between the parties as to the whole transaction. The creditor is bound to observe good faith with the surety. He must withhold nothing, conceal nothing, release nothing which will possibly benefit the surety. He must not do any act injurious to the surety or inconsistent with his rights.'

Conceding that the lessee's act in buying furniture at a price in excess of that authorized by the agreement was a violation of its terms, nevertheless we are at a loss to perceive how plaintiff's act, in compliance with the terms of the agreement on his part, was detrimental to the interest of the defendant. There is no allegation that plaintiff aided, assisted, advised, or participated in the alleged wrongful act of the lessee. Assuming for the purpose of this case only that the recitals, 'well knowing' and 'consenting,' are equivalent to direct allegations, the allegation is that such knowledge was not acquired and such consent given until *three or four months after* the purchase was made. Moreover, it is not alleged the lessee failed to pay Barker Brothers the sum of five thousand dollars, which under the terms of the agreement she was to pay before the execution of the mortgage provided therein as a release of defendant's liability. Indeed, for aught that appears to the contrary, she may have paid the entire balance of eight thousand seven hundred dollars. While a guarantor's contract must be construed strictly as against the creditor, and any agreement made by him with the principal debtor, the effect of which is to alter or change the contract, will exonerate the surety, nevertheless, in the absence of facts showing that the lessee, due to some act of plaintiff, was in default to Barker Brothers, the pleading is not sufficient to constitute a defense in that it fails to show any act of plaintiff changing or altering the contract.''

For the purpose of restating this defense so as to avoid the defects pointed out in the foregoing paragraph hereof, the defendant in his second amended answer alleged that after the execution of the ''agreement collateral to lease and guaranty,'' and prior to the accrual of any of the rents mentioned in the complaint or amended supplemental complaint, the plaintiff and Mrs. Church made an agreement with Barker Brothers whereby it was agreed that Barker Brothers should sell to Mrs. Church furniture for the said apartments and that the purchase price thereof should be in excess of ten thousand dollars, to wit, that the same might exceed the said sum of ten thousand dollars to the extent of two thousand dollars, and that the plaintiff would pay to Barker Brothers on account of the purchase price thereof the sum of five thousand dollars, and no more; that the

balance of said purchase price should be represented by a chattel mortgage upon the said furniture, and should be paid by Mrs. Church; that thereafter and prior to the accrual of any of said rents, the lessee purchased from Barker Brothers furniture for said apartment house at a price of approximately thirteen thousand seven hundred dollars, and that the said purchase was made with the full knowledge and consent of the plaintiff, who aided, assisted, and advised Mrs. Church in making the said purchase for the said sum and participated therein; that the defendant had no knowledge of the making of said agreement between the plaintiff and Mrs. Church and Barker Brothers whereby it was agreed that the purchase price of said furniture should exceed the sum of ten thousand dollars, and defendant had no knowledge of the purchase of said furniture for a price in excess of ten thousand dollars and did not consent to said agreement or to said purchase at said price; that after the purchase of said furniture and within a period of three or four months, the plaintiff, who then and there knew that the total purchase of said furniture had exceeded by a large amount the sum of ten thousand dollars to which it was limited in the agreement hereinbefore referred to, and who had participated in the purchase thereof at a price in excess of ten thousand dollars, did pay to Barker Brothers on account of the purchase price of said furniture the sum of five thousand dollars; and that Mrs. Church has not paid to Barker Brothers on account of the purchase price of said furniture any sum in addition to the sum so paid by the plaintiff except the sum of four thousand dollars.

The findings of the court affirmed that the foregoing allegations are true. The court affirmed and determined that by reason of said acts of the lessor and lessee which were done without the knowledge or consent of the defendant, the defendant's liability under said lease was extended beyond the amount and beyond the time to which it was limited by said guaranty and collateral agreement in this, that it became necessary for the lessee to pay to Barker Brothers the sum of eight thousand seven hundred dollars instead of the sum of five thousand dollars which the agreement provided, before the defendant could be released from his obligation as guarantor.

Appellant contends that these findings are not sustained by the evidence. We think that he has only shown that there was a conflict in the evidence, but that there is evidence sufficient to sustain the findings. According to the testimony of Mrs. Church, the representative of Barker Brothers, when they were negotiating for the furniture, expressed the opinion that the amount to be used in furnishing the house ought to be twelve thousand dollars. Thereupon she asked the lessor if that would be all right, to which he replied, "Well, I would try not to make it more than twelve thousand dollars, to keep within the twelve thousand dollars if I could." The evidence clearly shows that the lessor took part in the negotiations for the purchase of the furniture and that the purchase was consummated with his co-operation and consent as a party thereto for the furnishing of the house at a cost of twelve thousand dollars, if not more, and that it was on that contract of purchase that the lessor agreed to pay and did pay the sum of five thousand dollars as an advancement thereon for the benefit of the lessee. It was by reason of his consent that the lessee was able to purchase furniture in excess of ten thousand dollars.

It only remains to determine whether by reason of these acts of the creditor (the lessor) which were without the consent of the guarantor, the obligation of the principal (the lessee) to the creditor, as contemplated in the contract of guaranty, was altered in any respect. If it was so altered, then the guarantor is exonerated. The obligation of the lessee which the guarantor undertook to protect covered the performance by the lessee of all of the terms, conditions, and covenants of the lessee on her part to be performed, and particularly the full payment when due of all rents provided for in said lease. The collateral agreement made for the purpose of limiting the liability of the guarantor and affording a method of extinguishing his obligation was made contemporaneously with the guaranty and as a part of the same transaction. It was entered into upon the stated understanding that the lessee, in addition to the obligations of her lease, was only undertaking to carry a burden of indebtedness amounting to not exceeding ten thousand dollars for furnishing the house. If the lessor advanced and paid on account of the so limited purchase price "one-half thereof not exceeding five thousand dollars," then the lessee

would have to pay not more than five thousand dollars to Barker Brothers in order to obtain title to the furniture and thereby become able to execute her chattel mortgage to the lessor; whereupon it was agreed that the guarantor would be released from further liability. But the acts of the lessor and the lessee increased the financial burden of the lessee substantially beyond that contemplated in the agreements to which the guarantor was a party, and beyond the limitations of liability upon which it clearly appears that he relied. Unquestionably, by the modified arrangement agreed to between the lessee and the lessor, the time within which she would be able to acquire title to the furniture and execute her chattel mortgage to the lessor would be extended unless her financial resources had enabled her, at the time of making the purchase, to pay all of the purchase price of the furniture over and above the said limit of ten thousand dollars. Instead of that, it appears that even at the time of the second trial of this action, her payments on the furniture account amounted to only four thousand dollars. We are, therefore, of the opinion that the guarantor is exonerated from his liability.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.