**UNITED STATES of America,
Plaintiff,**

v.

**HELENA OFFICE SUPPLY COMPANY,
a Montana corporation, sometimes
known as Helena Office Supply, a corporation, et al., Defendants.**

**Civ. No. 1168.**

United States District Court
D. Montana,
Helena Division.

July 7, 1966.

Moody Brickett, U. S. Atty., Donald Douglas, Asst. U. S. Atty., Butte, Mont., for plaintiff.

Henry Loble, Gene A. Picotte, Conrad B. Fredricks, Charles A. Smith, Helena, Mont., for defendant, Helena Office Supply Co.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

On December 14, 1962, Helena Office Supply, a corporation, borrowed $7,100.00 from Small Business Administration, hereinafter called SBA. A note secured by a mortgage was given. Arthur Taylor and Ruth Taylor were at that time the president and secretary of Helena Office Supply. The following appears on the back of the note:

I/we hereby guarantee payment of this note.
/s/ Arthur Taylor
/s/ Ruth L. Taylor

The note was secured by a chattel mortgage and a "Mortgage and Pledge of Inventory and Assignment of Accounts Receivable." The latter document contains promises on the part of Helena Office Supply to maintain an inventory and accounts receivable in an amount equal to 150% of the balances due on the note. Helena Office Supply likewise agreed to furnish financial statements quarterly and a list of accounts receivable monthly.

In April, 1963 the Taylors sold their interest in the corporation and ceased to have any part in the management. It is assumed for the purposes of this opinion that at that time the security given SBA was sufficient and that it is not now sufficient to satisfy the debt.

This action is to foreclose the mortgage and to fasten a deficiency judgment upon the Taylors. The Taylors resist.

■■ They urge that they are sureties rather than guarantors and that they were exonerated by the failure of SBA to insist on the quarterly and monthly reports, and on the maintenance of the requisite inventory. It may be assumed for the purposes of this opinion that had the SBA required these reports, it would have discovered that the security was disappearing and would have foreclosed its mortgage at a time when the security was adequate. Even so, the SBA is chargeable with nothing more than non-action.

■ Assuming, without deciding, that the Taylors are sureties rather than guarantors, they still remain liable. At common law mere neglect is insufficient to discharge a surety. Humphreys v. Crane, 5 Cal. 173 (1855), American Surety Co. of New York v. United States, 10th Cir. (1940), 112 F.2d 903. The distinction between action and non-action is preserved by the Montana statutes.[1]

Subdivisions 1 and 2 of Section 30-407, R.C.M.1947, provide for the discharge of a surety when his remedies or rights are impaired by an act of the creditor. Subdivision 3 of the same section, and Section 30-502, R.C.M.1947 provide relief for a surety in cases of omission or neglect, but only after a request by the surety that the creditor proceed. The Taylors made no request and they remain liable.

Some contention is made that SBA acted to the detriment of the Taylors in the disposition of a Ford truck on which SBA had a second mortgage. The rec-

1. A surety is exonerated:
    1. In like manner with a guarantor;
    2. To the extent to which he is prejudiced by any act of the creditor which would naturally prove injurious to the remedies of the surety or inconsistent with his rights, or which lessens his security; or,
    3. To the extent to which he is prejudiced by an omission of the creditor to do anything, when required by the surety, which it is his duty to do. (Section 30-407, R.C.M.1947)
    A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in anywise impaired or suspended. (Section 30-208, R.C.M.1947)
    A surety may require his creditor to proceed against the principal, or to pursue any other remedy in his power which the surety cannot himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced. (Section 30-502, R.C.M.1947)

ord does not show that any detriment was in fact suffered in this regard.

This opinion shall be deemed to be the findings of fact and conclusions of law of the Court insofar as the dispute between the plaintiff and the Taylors is concerned. The plaintiff shall prepare findings and conclusions and a judgment on the whole case, not inconsistent herewith, and shall serve and file the same in accordance with Rule 11(d) of the rules of this Court.