[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a prejudgment remedy against the defendant, claiming that the defendant breached an agreement to guarantee the performance of a lease agreement. For purposes of this proceeding the court finds that in November 1988, the plaintiff and SentinelCare California, Inc. (SentinelCare) executed a lease agreement for the operation of a nursing home, known as the Diablo Convalescent Hospital, and an assisted care facility, the Tamarack Residential Center. To induce the plaintiff to enter into the lease with SentinelCare, the defendant executed a written guarantee in favor of the plaintiff, guaranteeing payment of the obligations of SentinelCare to the plaintiff, up to the amount of $130,000. Sentinel Care defaulted under the terms of the lease by failing to make the required minimum monthly payments. The amount owing as a result of that default far exceeds the amount which the defendant guaranteed.
General Statutes § 52-278d(a), as amended by Public Acts No. 93-431 § 2, provides in relevant part that a hearing on an application for a prejudgment remedy "shall be limited to a determination of . . . whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff. . . ."
"It is firmly established that the trial court's hearing in probable cause is not intended to be a full scale trial on the merits of the plaintiff's claim. `The plaintiff does not have to establish that he will prevail, only that there is probable cause CT Page 11460 to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. . . .' (Internal quotation marks omitted.) Calfeev. Usman, 224 Conn. 29, 37, 616 A.2d 250 (1992). Probable cause for purposes of the PJR statutes is a flexible common sense standard that does not demand that a belief be correct or more likely true than false. Goodwin v. Pratt, 10 Conn. App. 618, 621,524 A.2d 1168 (1987)." Fischel v. TKPK, Ltd., 34 Conn. App. 22, 24
(1994).
The court is unpersuaded by the defendant's claim that the plaintiff misrepresented its financial condition to him.
The defendant's weightier claim is that he is discharged under California law because SentinelCare's lease obligations were modified by a subsequent agreement between the plaintiff and SentinelCare. That subsequent agreement between the plaintiff and SentinelCare provided that the latter would give the plaintiff at least ten days advance notice of the filing of any voluntary bankruptcy petition, that it would contract for the services of an accounting firm acceptable to the plaintiff to provide accounting services for the health care facilities which were the subject of the lease and would provide the plaintiff with a cash balance reconciliations statement each month. SentinelCare agreed "to hire a Medicare/MediCal consultant, as may be acceptable to [the plaintiff], to review the Medicare/MediCal utilization of the [health care facilities], and to follow any reasonable recommendations of such consultant for the financial enhancement of the [facilities]." Notably, SentinelCare also agreed to use all of its revenues to pay certain enumerated costs and, on and after February 1, 1990, to pay certain costs, especially those due the plaintiff, in a certain order. Finally, SentinelCare agreed to provide the plaintiff "with an assignment of all receivables of the facility and/or [SentinelCare] and will execute an appropriate assignment agreement, UCC-1, and such other documents as may be required by [the plaintiff]."
Unquestionably, under the contract documents, California law governs. Neither party argues otherwise. California Civil Code § 2819, entitled "Alteration of original obligation; suspension or impairment of remedies or rights against principal" provides: "A surety is exonerated, except so far as he or she may be indemnified by the principal, if by any act of the creditor, without the consent of the surety the original obligation of the principal is altered in any respect, or the remedies or rights of CT Page 11461 the creditor against the principal, in respect thereto, in any way impaired or suspended. However, nothing in this section shall be construed to supersede subdivision (b) of Section 2822." Section2822(b) of the California Civil Code provides: "For purposes of this section and Section 2819, an agreement by a creditor to accept from the principal debtor a sum less than the balance owed on the original obligation, without the prior consent of the surety and without any other change to the underlying agreement between the creditor and principal debtor shall not exonerate the surety for the lesser sum agreed upon by the creditor and principal debtor."
Section 2822(b) is inapplicable. Further, there is no credible evidence that the defendant consented to the subsequent agreement between SentinelCare and the plaintiff nor any evidence from which the court may legally infer such consent. The critical question is whether that agreement exonerates the defendant by operation or § 2819 of the California Civil Code.
Under § 2819, "[p]arties to an obligation cannot alter its terms without the guarantor's consent even though it may be to the guarantor's advantage . . . ." Ralston-Purina Co. v. Carter,210 Cal.App. 372, 26 Cal.Rptr. 690, 694 (1962). "Where a contract and a guaranty of performance thereunder are [as here] entered into at the same time, they are properly read and interpreted as an entire contract. Where the main contract is altered without the consent of the guarantor and in respects so material as to change thesubstantial rights of the parties thereto and in effect to make anew contract, the guarantor is exonerated. Section 2819 Civ.Code. This is true whether the effect of the alteration is to increase or to lessen the obligation, performance of which is guaranteed." (Emphasis added.) Boteler v. Conway, 13 Cal.App. 79, 56 P.2d 587,588-89 (1936). "A material alteration is one that works some change in the rights, interests or obligations of the parties to the writing. See note to Burgess v. Blake, 86 Am.St.Rep. 78, and cases cited therein under heading `What alterations are material,' at page 86." Lasky v. Bew, 22 Cal.App. 393, 134 P. 358, 360
(1913).
Not surprisingly, application of this test is easier to state than it is to apply. In such a circumstance, the court searches the reported case law for an analogous fact pattern. The parties have cited none. Certainly, under California law, a change in the amount due under a contract, an increase in the quantity of a product to be purchased, or a contraction in the amount of time to CT Page 11462 make payment is material. Mortgage Finance Corp. v. Howard,210 Cal.App. 569, 26 Cal.Rptr. 917 (1962); Boteler v. Conway, supra,56 Cal.App. 588-589. In 86 Am.St.Rep. 78, referenced in Lasky v.Blake, supra, it is stated at page 101: "The alteration of an instrument whereby it is made to cover a subject matter greater, less or different than that embraced in it before alteration is, of course, material. . . ." (Citations omitted.) In Johnson v.Quinby, 62 Cal.App. 137, 216 P. 397, 398 (1923), the court held that an increase in the financial burden imposed on the principal exonerates the surety. Finally, in Hill Morton, Inc. v.Coughlan, 214 Cal.App. 545, 29 Cal.Rptr. 550, 554 (1963), the court held that a change in the payment arrangement between a wholesaler and a retailer from the assignment of invoices to a simple open book account accomplished a material alteration of the original contract, discharging a surety.
The foregoing authorities clearly are not "on all fours" with the instant case, although they are instructive by analogy. Undoubtedly, under the law of California, whether an alteration is material is a question of degree. However, it remains very unclear whether the defendant is exonerated under California Civil Code2819. What is clear is that SentinelCare breached its lease agreement with the plaintiff which the defendant had guaranteed. While the defendant has raised a serious legal issue with respect to whether he is exonerated under California law, that issue of law does not militate against a finding of probable cause that judgment will be rendered for the plaintiff. Cf. Three S.Development Co. v. Santore, 193 Conn. 174, 178-179, 474 A.2d 795
(1984).
The application for a prejudgment remedy in the amount of $130,000 is granted.
BY THE COURT
Bruce L. Levin Judge of the Superior Court