ROSALIE HATCHER, EXECUTRIX (ESTATE OF CLINTON M. HATCHER), ET AL. *v.* THE BULLARD COMPANY ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 210579
FAIRFIELD AT BRIDGEPORT

Memorandum filed April 3, 1984

*Day, Berry & Howard,* for the plaintiff.

*Pullman, Comley, Bradley & Reeves,* for the named defendant.

BERDON, J. Before the court is the named defendant's motion to strike the complaint on the ground that the plaintiff's exclusive remedy is under the Workers' Compensation Act, General Statutes, c. 568, § 31-275 et seq., and that therefore this action is barred.

A function of the motion to strike is to test the legal sufficiency of a complaint. Practice Book § 152. In testing the motion to strike, the court "must take the facts to be those alleged in the plaintiff's complaint . . . and

must construe the complaint in the manner most favorable to the pleader." *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 472, 427 A.2d 385 (1980).

Clinton M. Hatcher, the plaintiff's decedent, was employed as a laborer by the defendants from 1967. On December 3, 1982, Hatcher, in the performance of his employment duties, was assisting in the transportation, by crane, of a stack of iron casings known as flasks. The operator of the crane attempted to turn the flasks on the crane by striking them against a flask which was located on top of an adjacent stationary stack of flasks. At the time, Hatcher was standing next to this stationary stack of flasks and, as a result of the striking of the flask by the crane operator, it fell upon him causing serious injuries which resulted in his death.

The complaint is in three counts. In the first count the plaintiff alleges that the striking of the stack of flasks in order to manipulate the load on the crane was a wilful and wanton act, regularly practiced and condoned by the defendants, and that this practice was a violation of the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq., and regulations enacted pursuant thereto, and General Statutes § 31-367 et seq. (both hereinafter referred to as OSHA). The allegations of the second count are the same except that it is alleged that the act of striking the flask was intentional. The third count, brought by the plaintiff Rosalie Hatcher individually as the widow of Clinton M. Hatcher, is a derivative cause of action for loss of consortium.[1]

The core issue raised by the motion to strike is whether an intentional, wilful or wanton violation of OSHA safety regulations takes the matter out of the

---

[1] *Hopson* v. *St. Mary's Hospital,* 176 Conn. 485, 494, 408 A.2d 260 (1979).

scope of the Workers' Compensation Act in order to enable an injured employee to pursue common law remedies?

It is clear that the exclusive remedy for injuries sustained by an employee "arising out of and in the course of his employment" is under the Workers' Compensation Act. General Statutes § 31-284 (a). "All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter." Id. "It is well established that when an employee's injury is covered by the Workers' Compensation Act, statutory compensation is the sole remedy and the recovery in common-law tort against the employer is prohibited." *Sullivan* v. *State*, 189 Conn. 550, 558, 457 A.2d 304 (1983).

It is important to put this case in its proper perspective. This plaintiff seeks to recover on the claim that the employer intentionally, wilfully or wantonly violated OSHA regulations, which resulted in the death of her decedent. She does not allege that the employer intended to injure the decedent, Clinton M. Hatcher.

Surely, when the employer commits or authorizes a tort which is intended to injure an employee, such as an assault by the employer, the injury does not "arise out of the employment." "An injury is said to arise out of the employment when (a) it occurs in the course of the employment and (b) is the result of a risk involved in the employment or incident to it or to the conditions under which it is required to be performed." *Dombach* v. *Olkon Corporation*, 163 Conn. 216, 221–22, 302 A.2d 270 (1972). The doing of an act which is intentionally designed to injure the employee is not a risk that is involved in the employment and therefore does not arise out of the employment. "The weight of the case

law clearly supports causes of action for such intentional torts and does not recognize exclusivity provisions of worker's compensation statutes to be a bar to the action." *Hollman* v. *Liberty Mutual Ins. Co.,* 712 F.2d 1259, 1262 (8th Cir. 1983).

When there is no intent to injure, however, the injury comes within the jurisdiction of the Workers' Compensation Act and the employee's exclusive remedy is compensation provided by the act. "Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot, under the almost unanimous rule, be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury . . . . Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character." 2A Larson, Workmen's Compensation Law (1982) § 68.13, pp. 13-8—13-26. (See the numerous supportive cases cited by Professor Larson in his treatise on workers' compensation.)

Mere knowledge and appreciation of the risk does not supply the necessary intent to injure. "The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classed as an intentional wrong." Prosser, Torts (4th Ed.) § 8, p. 32. "Neither knowingly permitting a hazardous work

condition to exist, nor willfully failing to furnish a safe place to work, nor even willfully violating a safety statute, constitutes the requisite intent." (Citations omitted.) *Houston* v. *Bechtel Associates Professional Corporation,* 522 F. Sup. 1094, 1096 (D.D.C. 1981).

The plaintiff seeks to circumvent the jurisdiction of the Workers' Compensation Act under the authority of *Jett* v. *Dunlap,* 179 Conn. 215, 425 A.2d 1263 (1979). She relies on the dicta of *Jett* which, in addressing an equal protection claim under the constitution, stated the following: "The plaintiff next claims that if his remedies under the Workmen's Compensation Act are exclusive, then the act violates the federal constitutional guarantee of equal protection under the fifth and fourteenth amendments because, under § 31-284 (a), the 'wilful and serious misconduct of the injured employee' deprives him of his right to compensation, but the wilful and serious misconduct of the employer does not subject it to a penalty. This claim is inappropriate. There is no allegation that the plaintiff was denied statutory compensation as a result of wilful and serious misconduct, nor did the employer engage in wilful or serious misconduct by directing or authorizing [the defendant] to strike the plaintiff. Where a fellow employee engages in wilful or serious misconduct resulting in personal injury or death to a plaintiff, which arises out of and in the course of a plaintiff's employment, then a plaintiff's remedy lies within the Workmen's Compensation Act. *Willis* v. *Taylor & Fenn Co.,* 137 Conn. 626, 79 A.2d 821 (1951). Where such wilful or serious misconduct is engaged in by an employer, as identified by the standard we set forth today, then a plaintiff may pursue common-law remedies." *Jett* v. *Dunlap,* supra, 220–21.

The plaintiff's reliance on *Jett* is misplaced. The only sentence of the dicta which would lend credence to the plaintiff's argument is as follows: "Where such wilful

or serious misconduct is engaged in by an employer, as identified by the standard we set forth today, then a plaintiff may pursue common-law remedies." *Jett* v. *Dunlap,* supra, 221. "[S]uch wilful or serious misconduct," however, has reference to conduct which is calculated to harm the employee. The court pointed out in *Jett* that there was no allegation that the employer engaged in wilful or serious misconduct by authorizing the fellow employee to strike the injured employee. Furthermore, *Jett* must be read in the context of its factual setting which involved an intentional assault on the injured employee by the employer's supervisor.

Finally, any trimming of the exclusivity of the Workers' Compensation Act would violate well settled principles of statutory construction. The Supreme Court of Connecticut has repeatedly held that the act is to be liberally construed "and it is to be interpreted with sufficient liberality to carry into effect the beneficent purpose contemplated in that act and not to defeat that purpose by narrow and technical definition." *Bahre* v. *Hogbloom,* 162 Conn. 549, 558, 295 A.2d 547 (1972). That purpose is "to secure a certain, speedy and inexpensive procedure for compensation to the employee for injuries, regardless of fault, the cost to be charged to the industry." *Stapf* v. *Savin,* 125 Conn. 563, 565, 7 A.2d 226 (1939). "By balancing the interests of the employee in a certain and speedy recovery, with the employer's interests in limited liability, the statute benefits employers, employees and the public as well." *Shearer* v. *Homestake Mining Co.,* 557 F. Sup. 549, 553 (D.S.D. 1983).

Only two jurisdictions have come to a different conclusion. In *Mandolidis* v. *Elkins Industries, Inc.,* 246 S.E.2d 907, 921 (W. Va. 1978), the West Virginia Supreme Court held that workers' compensation supplanted common law tort in those situations caused by negligence or gross negligence, but that wilful, wan-

ton and reckless misconduct are not within the jurisdiction of the act. This case has been severely criticized. "Moreover, the reasoning of the *Mandolidis* court is strained and the result is 'distinctly out of line' with other authority." *Houston* v. *Bechtel Associates Professional Corporation,* supra, 1097. In *Blankenship* v. *Cincinnati Milacron Chemicals, Inc.,* 69 Ohio St. 2d 608, 433 N.E.2d 572 (1982), the Ohio Supreme Court adopted "the distinctly out-of-line view that employees and their spouses can sue their employer in tort for the intentional use of chemicals it knew were harmful, and for failure to warn and to report the dangerous conditions to federal and state agencies as required." 2A Larson, Workmen's Compensation Law (1982) § 68.13, p. 13-9 n.10.1. The court is also aware of several other trial court opinions of this state which follow *Mandolidis.* This court, however, does not find the reasoning for those cases to be persuasive, respectfully disagrees with the results and declines to follow those decisions. See *Breen* v. *Phelps,* 186 Conn. 86, 98–99, 439 A.2d 1066 (1982).

Any narrowing of the jurisdiction of the Workers' Compensation Act must be accomplished by the legislature. The consequences of limiting the exclusive jurisdiction of the act by allowing an employee to pursue common law remedies against an employer for injuries resulting from the employer's intentional, wilful or wanton violation of safety regulations are very significant; it would undermine the balance of interests struck by the act. Those employees would be stripped of the protection of the Workers' Compensation Act. Injured employees would be denied the swift and certain compensation and inexpensive procedure provided under the act. Under the common law tort remedy, fault would become an issue, including the employee's contributory negligence, which could deny him or her compensation. These injured employees would be denied

the benefit of the Second Injury and Compensation Assurance Fund; General Statutes § 31-349 et seq.; which, among other matters, guarantees that benefits will be paid even in the case of an uninsured and financially irresponsible employer. These are but a few of the matters that should be considered, and any exception to this comprehensive legislative scheme of workers' compensation should best be left for the legislature.[2]

Accordingly, this action is barred by the Workers' Compensation Act and the court is without jurisdiction. The named defendant's motion to strike the complaint is granted.

---

[2] The court is fully aware that the common law tort system of reparations is designed not only to compensate the injured but also to promote a safe and injury free environment. "Affording an employer immunity for his intentional behavior certainly would not promote such an environment, for an employer could commit intentional acts with impunity with the knowledge that, at the very most, his workers' compensation premiums may rise slightly." *Blankenship* v. *Cincinnati Milacron Chemicals, Inc.,* 69 Ohio St. 2d 608, 615, 433 N.E.2d 572 (1982). Furthermore, the court is also fully cognizant that the workers' compensation scheme provides less than full compensation for an injured employee. Id. Our law, however, as the court pointed out in this decision, provides for *either* a remedy under the Workers' Compensation Act or under the common law, not both, and the employee does not have the right to elect the remedy. It should be for the legislature to decide whether to make such an exception and the conditions which should attach to the exception. For the time being, the legislature has spoken by *not* excepting from the act intentional, wilful or wanton violations of safety regulations.