L. SUZIO CONCRETE COMPANY, INC. *v.* MIKE SALAFIA

CENTRAL CONNECTICUT ACOUSTICS, INC. *v.*
MIKE SALAFIA
(2123)
(2124)

DUPONT, C.P.J., SPALLONE and DALY, Js.

Argued December 11, 1984—decision released March 19, 1985

---

[2] These appeals, originally filed in the Supreme Court, were transferred to this court. General Statutes § 51-199 (c).

*Jeffrey M. Krupnikoff,* for the appellants (plaintiff in each case).

*Patrick W. Boatman,* for the appellee (defendant in both cases).

SPALLONE, J. In each of these cases, the plaintiff is appealing[1] from the trial court's decision to dissolve an ex parte prejudgment remedy. The issues presented in each appeal are identical.

The plaintiffs initially brought suit against a corporation, Mike Salafia Builders, Inc., as well as Mike Salafia, individually, for payment for materials and services which they claimed to have furnished the defendants. The plaintiffs withdrew the actions as to the corporation and proceeded only against Mike Salafia, also known as Sebastian J. Salafia. Each plaintiff obtained a postcomplaint prejudgment remedy of attachment of real estate in which the defendant held an interest. Upon the defendant's motions, the prejudgment remedy of attachment was dissolved in both cases.[2] At the hearings on the motions to dissolve, the defendant claimed that in his dealings with the plaintiffs he had been acting on behalf of the corporation, Mike Salafia Builders, Inc., and was therefore not per-

---

[1] These appeals were originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

[2] General Statutes § 52-278e states, in part, that "[t]he court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim . . . . The defendant appearing in such action may move to dissolve or modify the

sonally liable for the amounts allegedly due. The plaintiffs argued that they had always transacted business with the defendant personally.

The testimony adduced at the hearings revealed that the defendant had been in the construction business since at least 1970. In 1975, he formed a corporation bearing his name, Mike Salafia Builders, Inc., and since that time did business solely as a corporation. Although both of the plaintiffs had transacted business with the defendant before 1975, the materials and services for which they claimed payment had been provided between the fall of 1981 and the spring of 1982. The defendant never formally announced his incorporation, but, beginning in 1975, he always paid the plaintiffs by corporate check and "Mike Salafia Builders, Inc." was the name displayed on his signs. The trial court found that sufficient evidence had been produced to show that the plaintiffs had notice that the defendant was transacting business as the representative of a corporation, and granted the motions to dissolve.

The plaintiffs now claim that the court erred (1) in allowing the defendant to raise, at the prejudgment remedy hearing, a defense which must be specially pleaded; (2) in finding that they were dealing with a corporation rather than an individual; and (3) in granting the motions to dissolve the attachment in the absence of sufficient evidence contradicting their claims or supporting that of the defendant.

"The language of our prejudgment remedy statutes; General Statutes § 52-278a et seq.; requires that the court determine 'whether or not there is probable cause

prejudgment remedy granted pursuant to this section in which event the court shall proceed to hear and determine such motion expeditiously. If the court determines at such hearing requested by the defendant that there is probable cause to sustain the validity of the plaintiff's claim, then the prejudgment remedy granted shall remain in effect. If the court determines there is no such probable cause, the prejudgment remedy shall be dissolved. An order shall be issued by the court setting forth the action it has taken."

to sustain the validity of the plaintiff's claim'; General Statutes § 52-278d (a); that is to say 'probable cause that judgment will be rendered in the matter in favor of the plaintiff.' General Statutes § 52-278c (a) (2). 'The legal idea of probable cause is a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' [Emphasis in original.] *Wall* v. *Toomey,* 52 Conn. 35, 36 (1884). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. *Texas* v. *Brown,* 450 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983)." *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175, 474 A.2d 795 (1984).

The determination of probable cause in a prejudgment remedy hearing differs from the application of the probable cause standard in criminal cases. *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977). In the latter, defenses are not weighed because there is no opportunity for the defendant to present them. Id. In a prejudgment remedy hearing, on the other hand, the defendant is afforded, by statute, an opportunity to appear and be heard. This opportunity would be meaningless if the defendant were barred from presenting whatever reasons he may have to show lack of probable cause. Accordingly, "the showing of a clear, factually and legally simple defense, such as infancy or the statute of limitations, may be enough to show a lack of probable cause for the validity of the plaintiff's claim." *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393, 480 A.2d 561 (1984); *Augeri* v. *C. F. Wooding Co.,* supra. That the defense may consist of "[f]acts which are consistent with such statements [of facts by the plaintiff] but show, notwithstanding, that he has no cause of action"; Practice Book § 164; does not prevent its presentation at a hearing in probable cause.

While such a hearing involves a weighing of probabilities rather than a full-scale trial; *Three S. Development Co.* v. *Santore,* supra; procedural due process requires that the hearing be held in a meaningful manner. *Fermont Division* v. *Smith,* 178 Conn. 393, 397, 423 A.2d 80 (1979). Certainly, this could not be done if the defendant were barred from presenting certain defenses at the prejudgment remedy hearing which he would not be barred from raising at trial. Indeed, such a constraint would vitiate the opportunity General Statutes § 52-278e "affords to the defendant whose property has been attached . . . to obtain an immediate postseizure hearing at which the prejudgment remedy will be dissolved unless the moving party proves probable cause to sustain the validity of his claim." Id., 398. We conclude that the trial court did not err in allowing the defendant to raise the defense that he was not personally liable for the amounts alleged to be due.

We next consider whether the trial court was correct in finding no probable cause to sustain the attachment. The fundamental issue before the court, in both cases, was whether the materials and services which the plaintiffs allegedly furnished were supplied to the defendant personally or to Mike Salafia Builders, Inc., the corporation of which the defendant was the president.

The question of whether the defendant disclosed his representative capacity in his dealings with the plaintiff is a question of fact. *Murphy* v. *Dell Corporation,* 184 Conn. 581, 582, 440 A.2d 223 (1981). Here, the trial court determined this question by the weighing of probabilities. Our function is merely to determine whether the conclusion of the trial court was reasonable. *Three S. Development Co.* v. *Santore,* supra, 176. In performing this function, we recognize that the trial court was vested with broad discretion in determining the probable success of the plaintiffs' cases and that its deter-

mination is not to be overruled in the absence of clear error. Id. Having reviewed these matters, we find that the court's conclusion in both cases was reasonable.

There is no error.

In this opinion the other judges concurred.