DWIGHT GOODWIN *v.* JAMES PRATT
(5010)

HULL, SPALLONE and BIELUCH, Js.

Submitted on briefs March 9—decision released May 5, 1987

*Deborah L. Bradley* filed a brief for the appellant (defendant).

*B. Paul Kaplan* filed a brief for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the order of the trial court denying his motion to dissolve a prejudgment remedy.

The plaintiff, a lumberyard employee, brought suit against the defendant, a foreman at the lumberyard. The complaint, as later amended, alleged that the defendant wilfully or maliciously threw a wooden stick at the plaintiff while the plaintiff was a passenger on a forklift at work. The amended complaint further alleged that as a result of the defendant's wilful or malicious conduct, the plaintiff suffered severe injuries when his leg became pinned under the rear wheel of the forklift.

Upon commencing suit, the plaintiff also sought an ex parte prejudgment remedy allowing an attachment of the defendant's property to the value of $250,000. The trial court, *Brennan, J.,* granted the prejudgment remedy. The defendant thereafter moved to dissolve

the attachment pursuant to General Statutes § 52-278e. After holding a hearing, the trial court, *Noren, J.,* denied the motion to dissolve the attachment. This appeal followed.

The defendant claims that the trial court erred in denying his motion to dissolve the attachment (1) because the plaintiff's complaint failed, as a matter of law, to allege facts that would bring it within the intentional injury exception to the exclusive remedy rule of the Workers' Compensation Act as set forth in General Statutes § 31-293a, and (2) because the testimony at the hearing failed to establish that the defendant intended to cause the plaintiff's injury. We find no merit to either of these claims of error.

The law governing prejudgment remedies is codified in General Statutes §§ 52-278a through 52-278n. An ex parte prejudgment remedy, such as that obtained in this case, is available under the conditions set forth in General Statutes § 52-278e (a). When an ex parte prejudgment remedy is granted, a defendant may move to dissolve or modify the remedy pursuant to General Statutes § 52-278e (c). Upon the filing of a motion to dissolve, the court is directed "to hear and determine such motion expeditiously." At such hearing, the plaintiff has the burden of demonstrating "that there is probable cause to sustain the validity of [his] claim." General Statutes § 52-278e (c); see *Self-Service Sales Corporation* v. *Heinz,* 1 Conn. App. 188, 191–92, 470 A.2d 701 (1984).

Our Supreme Court has recently had occasion to clarify the concept of "probable cause" as that term is used in our prejudgment remedy statutes. In *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175–76, 474 A.2d 795 (1984), the court stated: " 'The legal idea of probable cause is a *bona fide* belief in the existence of the facts essential under the law for the action and

such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' *Wall* v. *Toomey,* 52 Conn. 35, 36 (1884). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. *Texas* v. *Brown,* 460 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983). The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. *Ledgebrook Condominium Assn. Inc.* v. *Lusk Corporation,* 172 Conn. 577, 584, 376 A.2d 60 (1977). The court's role in such a hearing is to determine probable success by weighing probabilities." See also *Solomon* v. *Aberman,* 196 Conn. 359, 363, 493 A.2d 193 (1985); *Michael Papa Associates* v. *Julian,* 178 Conn. 446, 447, 423 A.2d 105 (1979); *Pero Building Co.* v. *Smith,* 6 Conn. App. 180, 182–83, 504 A.2d 524 (1986); *L. Suzio Concrete Co.* v. *Salafia,* 3 Conn. App. 404, 406–407, 488 A.2d 1280 (1985).

Our review of the action taken by a trial court with regard to prejudgment remedies is "very circumscribed. It is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable. 'In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses.' " *Three S. Development Co.* v. *Santore,* supra, 176; see also *Solomon* v. *Aberman,* supra, 364; *Price Saver, Inc.* v. *Maynard,* 5 Conn. App. 90, 91, 496 A.2d 991 (1985); *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393–94, 480 A.2d 561 (1984). With this limited standard in mind, we turn to the defendant's claims.

In his first claim of error, the defendant asserts that the court erred in denying his motion to dissolve the attachment because the complaint failed to allege facts that would bring it within the exceptions to the exclusive remedy provisions of the Workers' Compensation Act as set forth in General Statutes § 31-293a.[1] The defendant contends that because the plaintiff's amended complaint alleges only that the defendant wilfully or maliciously committed the act that caused the injury,[2] and does not allege that the defendant intended to cause the injury, the complaint fails, as a matter of law, to come within the exception in § 31-293a allowing lawsuits among coemployees. The defendant relies on *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 102–103, 491 A.2d 368 (1985), *Greene* v. *Metals Selling Corporation*, 3 Conn. App. 40, 44, 484 A.2d 478 (1984), and *Hatcher* v. *Bullard Co.*, 39 Conn. Sup. 250, 253, 477 A.2d 1035 (1984), aff'd, 4 Conn. App. 260, 493 A.2d 908 (1985), cases interpreting another of the Workers' Compensation statutes, General Statutes § 31-284.

We find no merit to this claim of error. General Statutes § 31-293a allows suits among coemployees otherwise prohibited by the Workers' Compensation Act where the injury is caused by the "wrong" of a fellow employee and "such wrong was wilful or malicious."

---

[1] General Statutes § 31-293a provides in part: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1."

[2] The amended complaint alleges in relevant part:

"3. On or about August 30, 1983, at approximately 1:00 p.m., in the above mentioned lumberyard, the defendant willfully or maliciously hurled a wooden stick at the plaintiff who, at the time, was a passenger on a forklift truck.

"4. As a result of the defendant's willful or malicious conduct, the plaintiff's left leg became pinned beneath the rear wheel of said forklift causing the plaintiff the following severe, painful, and permanent injuries . . . . "

The statute contains no explicit requirement that the fellow employee must intend to cause his coworker's injury. While such a requirement is consistent with judicial definitions of the terms "wilful or malicious"; see, e.g., *Mingachos* v. *CBS, Inc.,* supra; it was not necessary that the complaint contain judicial definitions of terms used by the legislature in order for it to state a cause of action. Here, the legislature has expressly defined the exemption in § 31-293a in terms of "wilful or malicious" wrong. The trial court could reasonably conclude that the allegations in the plaintiff's amended complaint came within this statutory exemption.

In his second claim of error, the defendant asserts that the court erred in denying his motion because the testimony established that the defendant did not intend to cause the plaintiff's injury. Our review of this claim is particularly limited, both because of the narrow scope of review of prejudgment remedy actions in general, and also because this particular claim is factual in nature. Normally, factual findings are subject to review under the narrow clearly erroneous standard; Practice Book § 4061 (formerly § 3060D); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). Here, where there have been no factual findings per se, but only a finding of probable cause, our review is even more limited. The trial court stated that the plaintiff had testified that he believed that the defendant had thrown the stick "with malice." The court also emphasized that the defendant's intent could be proved by circumstantial evidence. While further proceedings may very well show that the defendant lacked the requisite intent in this case, we cannot say that the trial court's determination on this issue has no basis in the evidence or is otherwise clearly erroneous.

There is no error.

In this opinion the other judges concurred.