[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (DOCUMENT NO. 132)
In the above matter the plaintiff has filed a six count amended complaint against her former employers, Echlin, Inc., and Automotive Controls Corporation, a wholly owned subsidiary of Echlin. The complaint also names as defendants Vincent Bongiovanni, the personnel director of Automotive Controls Corporation, Albert Battista, the plaintiff's immediate supervisor, and Ronald Brooks, a follow employee. The plaintiff alleges that the defendant Brooks sexually harassed her at work while she was an employee of the defendant corporations. It is further alleged that on July 4, 1984 Brooks went to the plaintiff's home, forced the door open and sexually assaulted her.
Count one is directed against the defendants Echlin, Automotive Controls Corporation, Bongiovanni and Battista (hereinafter defendants) and alleges that the defendants were aware that the conduct of Brooks was causing emotional distress to the plaintiff and they allowed is to continue. The plaintiff alleges that as a result of the defendants' extreme and outrageous behavior she suffered physical pain and emotional distress.
Count two alleges that the defendants' actions were intentional and that they "continued further to harass plaintiff by discriminating against her sexually and by retaliating against her for having pressed complaints against Brooks" by a course of conduct that included intercepting and reading her mail at work, transferring her to a less desirable job, and the firing of her brother from his employment. Count three is directed against defendant Brooks and alleges sexual harassment and assault. CT Page 523
Count four alleges that the defendants failed to conduct a proper investigation of Brooks before hiring him and failed to properly supervise him. Count five asserts that the failure to investigate and supervise Brooks was "reckless and/or wilful and wanton." Count six alleges the creation of a hostile work environment that forced the plaintiff to terminate her employment. The plaintiff seeks compensatory, punitive, and exemplary damages.
The defendants have moved to strike counts one, two, four, five, and six on the ground that: (1) they are barred by the exclusive remedy provisions of the Workers' Compensation Act, (2) they are improperly joined with count three, and (3) they fail to state a claim upon which relief can be granted. The defendants further move to strike the plaintiff's prayer for punitive and exemplary damages on the ground that the complaint fails to allege sufficient facts upon which such relief can be granted.
A motion to strike challenges the legal sufficiency of a pleading. Connecticut Practice Book section 152. The motion admits all facts well pleaded, but it does not admit legal conclusions or the accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, (1985). The facts alleged are construed in a manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82 (1980).
The defendants argue that the plaintiff's claim against them is improperly joined with count three. Several causes of action may be united in the same complaint if the claims arise out of the same transactions connected with the same subject of action. Connecticut General Statutes section52-97, Connecticut Practice Book section 133. The plaintiff's claims all derive from the alleged conduct of Brooks and the defendants' response to that conduct. Accordingly, the plaintiff's claims are properly joined.
The defendants assert that all counts directed against them are within the scope of the Workers' Compensation Act. Connecticut General Statutes section 31-284 (a) provides in part that "(a)n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of employment." The Workers' Compensation Act provides the exclusive remedy for injuries caused by the wrong of a fellow employee unless such wrong was "wilful or malicious." Connecticut General Statutes section 31-293a. If a worker's personal injury is covered by the Act, statutory compensation is the sole remedy. Jett v. Dunlap, 179 Conn. 215, 217 (1979). CT Page 524
Personal injury under the Act includes, in addition to accidental injury, "an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment . . . ." Connecticut General Statutes section31-275(8).
The exclusivity of the Act is subject to narrow exceptions. In Jett v. Dunlap, 179 Conn. at 219, the court recognized that an intentional assault by another employee identified as the alter ego of the employer is not barred by section 31-284. In addition, the Workers' Compensation Act does not shield an employer from common law liability for injuries he intentionally inflicted upon his employee. Mingachos v. CBS, Inc., 196 Conn. 91, 100 (1985).
The concept of "intent" has reference to the consequences of the act rather then to the act itself. Id. at 101. "To bypass the exclusivity of the (Workers' Compensation Act), the intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." Id. at 102. Accordingly, each count must be examined to determine whether it alleges sufficient facts to show intentional acts that were designed to cause the plaintiff injury. It is not a requirement that the plaintiff specifically allege intent to cause injury, but the facts alleged must reasonably support such a conclusion. Goodwin v. Pratt, 10 Conn. App. 618, 622-23 (1987).
In count one the plaintiff does not allege that the defendants acted intentionally or intended to cause injury. The allegations are that the defendants were aware of the conduct of Brooks toward the plaintiff and allowed it to continue. In Perrille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529 (1985), the plaintiff alleged that he was harassed by a co-worker and the defendant employer was negligent in not taking corrective action. The court found that "none of the plaintiff's allegations, fairly read, indicated that (the defendant) genuinely `intended' the occurrence of any of the plaintiff's resulting injuries." Id. at 534.
Therefore, count one does not allege facts that indicate a genuine intent to cause injury to the plaintiff. The allegations in count one concern the conduct of Brooks and the defendants' failure to take corrective action. Accordingly, count one is within the scope of the Workers' Compensation Act. Although there is no indication that the allegation of assault in the plaintiff's home occurred "in the course of employment" under section 31-284 (a), this allegation CT Page 525 does not provide a cause of action outside of the Act. The only liability to defendants for an assault in the plaintiff's home would be as aiders and abettors, and there are no facts to establish such liability. Accordingly, the motion to strike count one is granted.
Count two, however, is not based on a failure to control the conduct of Brooks but alleges a direct course of conduct by the defendants against the plaintiff. The allegations of "deliberate, intentional and wrongful" acts which included "ridiculing her. . .intercepting and reading her mail at work" and transferring the plaintiff to a less desirable job are sufficient to indicate an intent to cause injury to the plaintiff. Accordingly, the allegations in count two are outside the scope of the Workers' Compensation Act.
In order to establish a cause of action for intentional infliction of emotional distress, it must be shown that:
 (1) the actor intended to inflict emotional distress, or that he knew or should have known that emotional distress was a likely result of his conduct: (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Murray v. Bridgeport, 40 Conn. Sup. 56, 62 (1982).
The plaintiff has alleged facts sufficient to indicate extreme and outrageous conduct by the defendants. Count two further alleges that the plaintiff "has sustained serious and apparently permanent emotional damage. . .suffered great mental pain and anguish." It is clear that the plaintiff has alleged sufficient facts to establish a cause of action for intentional infliction of emotional distress and therefore the motion to strike count two is denied. Counts four and five allege a failure to properly investigate and supervise the defendant Brooks. While count five alleges "wilful" conduct, the plaintiff has failed to plead sufficient facts to bypass the exclusivity of the Workers' Compensation Act. The motion to strike counts four and five is granted.
Count six alleges that the defendants created and maintained a "hostile work environment" which forced the plaintiff to terminate her employment. Connecticut has CT Page 526 recognized that "constructive discharged occurs when an employer creates working conditions that are so intolerable that a reasonable person would feel forced to resign. Seery v. Yale-New Haven Hospital, 17 Conn. App. 532, 540 (1989). A claim of constructive discharge is based on the wrongful discharge action recognized in Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980), and the plaintiff must prove that the dismissal occurred for a reason violating public policy. Morris v. Hartford Courant Company, 200 Conn. 679. In order to plead a valid cause of action for wrongful discharge, the plaintiff must allege that he was an "at will employee" with an indefinite term of employment. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 211 n. 1 (1987); Townsend v. Conning Company,4 CSCR 829 (December 4, 1989, Freed, J.). Count six does not allege sufficient facts to plead a cause of action for constructive discharge. The motion to strike count six is granted.
The defendants have moved to strike the prayer for punitive and exemplary damages. Punitive damages are awarded when evidence shows reckless indifference to rights of others or intentional and wanton violation of those rights. Ames v. Sears, Roebuck Company, 8 Conn. App. 5642 (1986). The plaintiff has alleged a cause of action for an intentional tort involving extreme conduct by the defendants. The plaintiff is not precluded from seeking punitive damages.
In summary, counts one, four, and five are barred by the exclusivity of the Workers' Compensation Act. Count six fails to allege a cause of action for wrongful or constructive discharge because it does not allege sufficient facts. Accordingly, the motion to strike these counts is granted.
However, count two states a cause of action for intentional infliction of emotional distress, and therefore the motion to strike count two is denied.
BURNS, J.