[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PREJUDGMENT REMEDY
This is an an action to recover under an oral contract between the plaintiff and the defendant for site construction work under the contract and for claimed extras.
LAW
At the hearing on the plaintiff's motion for prejudgment remedy, the plaintiff has the burden of demonstrating that there is probable cause to sustain the validity of his claim. The test to use to determine whether a prejudgment remedy should be sustained is found in Goodwin v. Pratt, 10 Conn. App. 618, 621, 524 A.2d 1168 (1987), where the court stated at page 621 in part as follows:
 ". . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that CT Page 753 he will prevail, only that there is probable cause to sustain the validity of the claim. Ledgebrook Condominium Assn. Inc. v. Lusk Corporation, 172 Conn. 577, 584, 376 A.2d 60 (1977). The court's role in such a hearing is to determine probable success by weighing probabilities.". . .
FACTS
In applying the above test of probable cause, the Court finds the following facts. The plaintiff, a contractor, entered into an oral contract with the defendants on or about September, 1989, providing that the plaintiff would perform site work for the construction of a house on a lot. The plaintiff agreed to perform the site work for $13,000.00. The plaintiff performed the site work and in addition performed additional work with the defendant's knowledge and at the defendant's request, which additional work was reasonably worth $12,124.25. The defendant has paid to the plaintiff $14,000.00. In addition, the defendants made a direct payment to a subcontractor for blasting work in the amount of $3,500.00, which sum is not included in the total of $12,124.25 for extras.
The following order is accordingly entered:
1. The prejudgment remedy is granted in the amount of $11,124.25.
2. The order restraining and enjoining the defendants from transferring or disposing of the real property described in the application for prejudgment remedy is dissolved.
AXELROD, J.