[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DEFENDANT PATRICIA A. LENZ' MOTION TO DISCHARGE LIS PENDENS (108)
The underlying complaint in this action alleges the defendant Kenneth E. Lenz became obligated by an agreement dated October 31, 1991, to make periodic payments of principal and interest to the plaintiff Richard A. Dice and has failed and neglected to do so since January of 1993.
The second count of this complaint asserts that at the inception of the loan, October 31, 1991, the defendant Kenneth E. Lenz owned an undivided one-half interest in the premises known as 982 Rainbow Trail, Orange, Connecticut, together with his wife Patricia A. Lenz. It further asserts that on February 25, 1993, for no consideration, the defendant Kenneth E. Lenz quitclaimed his interest in said property to his wife without adequate consideration and placed said asset beyond the reach of the plaintiff herein. Said conveyance the plaintiff claims is a fraudulent conveyance as to the plaintiff herein under the Uniform Fraudulent Transfer Act, General Statutes §§52-552a-52-551.
In her motion to discharge the recorded notice of lis pendens dated June 23, 1995, the defendant Patricia A. Lenz asserts that there is no probable cause to sustain the validity of plaintiff's claim and therefore seeks an order for discharge of such recorded notice of lis pendens.
The sheriff's return of June 29, 1995 attests that service of CT Page 3309 the complaint and a true and attested certified copy of the original lis pendens was served on Patricia A. Lenz and Kenneth E. Lenz and that the original lis pendens was filed with the town clerk of Orange, Connecticut.
Chapter 904 of the General Statutes regulates the nature of lis pendens, § 52-325; the application for discharge, §52-325a; the burden of proof at hearing, § 52-325b; the appeal, § 5-325c.
The parties appeared and were heard. They subsequently filed memoranda in support of their respective positions. Defendant's memorandum dated February 7, 1996 relates the facts giving rise to this action.
"The plaintiff and defendant, Kenneth Lenz, practiced law in the same firm. In October, 1991, the plaintiff sold the defendant, Kenneth Lenz, a portion of his shares in his professional corporation, and the two became co-shareholders and officers of Dice, Maloney Lenz, P.C., d/b/a Dice Lenz, P.C. The sale was documented with a Shareholders Agreement, which both parties claim the other breached."
In this memorandum, the defendants correctly note that the plaintiff has the burden of proving each element of his complaint in a motion to discharge lis pendens, General Statutes §52-325b.
The defendants also assert, again quite correctly, that the plaintiff has the burden of proving by clear and convincing evidence the essential elements of a fraudulent transfer. This is indeed the law which will be applied when the case comes to trial. Unfortunately for the defendants, it is not the law which the court must apply in a hearing on an application to the court requesting a hearing be held to determine whether the nature of lis pendens should be discharged. General Statutes § 52-325d. This is what is presently before the court. Section 52-325b of the General Statutes informs that upon a hearing held on the application or motion set forth in § 52-325a, the plaintiff shall first be required to establish that there is probable cause to sustain the validity of his claim.
The court interprets the term "probable cause" to have the same meaning as has resulted from the judicial construction of the same term in a hearing on a prejudgment remedy application, CT Page 3310 § 52-278d. In a recent case, Federal Deposit InsuranceCorporation v. Ellen Isban and Elliot Isban, 870 F. Sup. 24
(D. Conn. 1994) involving a claim that a husband had fraudulently transferred his interest in real property securing a loan to his wife, the court adopted the prejudgment hearing definition of probable cause in a hearing to discharge a lis pendens.
At the hearing before the court, the plaintiff assumed the burden of establishing probable cause that the transfer from husband to wife by quitclaim dated February 25, 1993, Exhibit 3, was fraudulent. Credible testimony of the defendant husband established that the deed recital of no consideration of real estate was accurate. Defendant husband's testimony also indicated to the court that considerable equity was involved in the transfer.
The plaintiff rests his claim of insolvency on the definition contained in § 52-552c(a) of the General Statutes. "A debtor is insolvent if the sum of the debtor's debts in greater than all of the debtors assets at fair valuation."
Plaintiff established probable cause that the defendant husband was insolvent after the transfer of his dwelling unit equity to his wife, Exhibit 3, by the introduction of a personal financial statement of the husband dated May 3, 1993, Exhibit 4. This exhibit represented the defendant's net worth to $89,367. Defendant asserts and the court finds it did not include defendant's potential mortgage obligation on the property conveyed. A mortgagee has two separate and distinct causes of action against a defaulting mortgagor, an action at law for the amount due on the promissory note, or a remedy in equity to foreclose on the mortgage, People's Bank v. Belmor BuildingCorporation, 28 Conn. App. 809, 816-17 (1992). This argument permits the court to find the plaintiff has established probable cause that he has a claim as defined by § 52-552a(3) of the Uniform Fraudulent Transfer Act. The nature of the claim or its substance also overcomes the probable cause threshold. It is undisputed that the debt arising out of the stock purchase and shareholder's agreement, Exhibit 1, between plaintiff and defendant and their law firm arose prior to the conveyance, Exhibit 3. Defendant believes and his memorandum indicates that a substantial defense exists to this claim.
At the trial the defendant may well prevail on this defense. In an application to discharge a lis pendens, however, the court CT Page 3311 is required to put the lienor to the burden of establishing probable cause, that is, a "bonafide belief in the existence of the facts essential under the law for the action such as would warrant a man of ordinary caution, prudence and judgment under the circumstances in entertaining it, Three S Development Co. v.Santore, 193 Conn. 175 (1984). It is a common sense standard that it does not demand that the belief be correct, or even that it is more likely true than false. Goodwin v. Pratt, 10 Conn. App. 618,621 (1987).
The court concludes that plaintiff has sustained his burden of proving probable cause of the validity of its claim that defendant husband's conveyance was fraudulent.
Accordingly, the defendant's motion to discharge the lis pendens is denied.
Dorsey, J. State Trial Referee