[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION IN RESPONSE TO MOTION FOR ARTICULATION
The plaintiffs applied to this court for a prejudgment remedy and all parties were heard and evidence taken on that application at court sessions on October 2, 13 and 31, 2000.
Following a review of the testimony and documentary evidence, the court, on November 30, 2000, granted the application for a prejudgment remedy in the amount of $100,000 allowing the defendant the option of posting a bond in that amount (106.00). The defendant has moved for articulation of that decision, and the motion is granted over the objection of the plaintiffs.
The plaintiffs are twenty-seven individuals who have an ownership interest in fourteen residential lots located at Shoreview Estates in Danbury, Connecticut. The defendant, Pine Ledge Development Corporation, is the developer and declarant of Shoreview Estates which is a common interest ownership community consisting of twenty-four residential lots and three common areas.
The plaintiffs claim that Pine Ledge did not develop one of the common areas in compliance with representations made at the time the lots were sold and the development that was accomplished was done in an unworkmanlike manner. These claims are specifically directed at an area fronting on Candlewood Lake, leased from Connecticut Light and Power, which was purportedly to be developed into a beach and picnic area with CT Page 1059 boat launch facilities and an access road to that area. The plaintiffs presented evidence through witnesses, including an engineer, that there were numerous defects and shortcomings in this common area, among them a much smaller picnic area than the original plans showed, a less adequate beach and serious deficiencies in the access road.
On the other hand, Pine Ledge produced testimony and documents to show that considerable improvements had been made including a beach area with more lake frontage than initially planned. Pine Ledge concedes that the picnic area, as built, is substantially less extensive than shown on the original plans.
The plaintiffs seek money damages from the defendant claiming that Pine Ledge is liable for the remedial work to complete the development of the lake front area and access road. Plaintiffs allege liability under the Common Interest Ownership Act, General Statutes §§ 47-200 et seq. (CIOA) and the common law theory of promissory estoppel. Pine Ledge contends that, pursuant to its declaration, most provisions of CIOA do not apply and that plaintiffs cannot prove the elements of a promissory estoppel claim.
Under General Statutes § 52-278d(a), the court must, following a hearing, determine whether there is probable cause that the plaintiff will obtain a judgment in an amount equal to or greater than the amount of a prejudgment remedy. Probable cause has been defined as:
 [A] bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. (Internal quotation marks omitted; emphasis omitted.)
DuFraine v. CHRO, 236 Conn. 250, 261 (1996). Probable cause is something less than the weight of the evidence. In other words, as both sides in the case have pointed out in the memoranda, the probable cause standard does not require that a belief be correct or more likely true than false. Furthermore, the probable cause hearing is not a full trial on the merits. See Goodwin v. Pratt, 10 Conn. App. 618, 621 (1987).
Under the above standards, the court finds that plaintiffs have offered sufficient evidence and argument to establish probable cause that the defendant will be held liable under either CIOA or the common law theory of liability. As to CIOA liability, the issue comes down to whether Pine Ledge is exempt from provisions of CIOA pursuant to General Statutes § 47-215. The plaintiffs' contentions that it is not reach the CT Page 1060 probable cause standard.
With respect to damages, the court concludes that plaintiffs have established probable cause that damages, which while perhaps not as great as claimed, are likely to be or exceed $100,000. Therefore, a prejudgment remedy in the amount of $100,000 is granted. Defendant may substitute a surety bond in that amount in lieu thereof.
Adams, J.