[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONCT Page 1293 ON APPLICATION FOR PREJUDGMENT REMEDY
In her amended complaint, the plaintiff, Ann Sauer, alleges she was injured when the mail truck she was operating in the course of her duties as an employee of the United States Postal Service (USPS) fell into a pot hole on a road owned and maintained by the defendant, Hawthorne Cove Property Owners' Association, Inc. (Hawthorne). Hawthorne has denied liability, and Sauer has now applied for a prejudgment remedy attaching Hawthorne's interests in real property.
A hearing on the application was held on January 8, 2001. At the hearing, Sauer testified that she was a rural route carrier with USPS and had delivered mail to Cove Road, a private road serving the Hawthorne Cove area, for eight years. In June, 1997, Sauer filed a form with the USPS which presumably was then sent to Hawthorne Cove residents that Cove Road was poorly maintained and presented a hazard for USPS vehicles and personnel. The notice indicated that potholes needed to be filled and the road needed to be paved. Sauer testified that mail service to Cove Road was suspended for a short period and then resumed. She was informed by USPS that some pot holes had been repaired.
Sauer testified that on August 5, 1997, while delivering mail on Cove Road and approaching the mailbox numbered 24, the right front tire of her vehicle went into a hole, the vehicle came to an abrupt stop and she experienced pain up and down her left arm, in her neck and head. She completed seven to eight more mail deliveries, turned around and retraced her route to Box 24 where she observed a sizeable hole in the road near the edge which had not been there when she arrived at that mailbox the first time that day. On cross-examination, Sauer reiterated that the pot hole which her truck went into was not visible when she initially approached Box 24.
Sauer presented evidence of substantial medical treatment for the injuries suffered as a result of the above incident. Essentially, she is suffering from significant cervical pain, headaches, and numbness in both hands. She initially saw her family physician, Dr. Lascano, who referred her to an orthopedist, Dr. Nipper. She has been also seen by a neurologist, Dr. Ylagan, and other medical practitioners. Several pain management procedures have not been successful. Sauer testified persuasively that although she has made several efforts she has not been able to resume her work at USPS even in a less physically demanding position. She earned approximately $30,000 at USPS.
Hawthorne contends that it did not have notice of the specific road CT Page 1294 condition that caused the incident. It also points out that Sauer was involved in a subsequent head-on motor vehicle accident (while she was traveling to Dr Nipper's office) that has contributed to her injuries. The parties agreed that Hawthorne has no insurance coverage for this matter.
In reviewing an application for a prejudgment remedy, the court, pursuant to General Statutes § 52-278d(a), must determine whether probable cause exists that the plaintiff will obtain a judgment in an amount equal to or greater than the remedy sought. Probable cause has been defined as:
 [A] bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . .(Internal quotations marks omitted; emphasis omitted.)
DuFraine v. CHRO, 235 Conn. 250, 261 (1996). Probable cause is something less than the weight of the evidence. In other words, the probable cause standard does not require that a belief be correct or more likely true than false. Furthermore, the probable cause hearing is not a full trial on the merits. See Goodwin v. Pratt, 10 Conn. App. 618, 621 (1987).
The court finds that Sauer has met the probable cause standard. While there may be some arguments as to the issue of notice to the defendants, the plaintiff's case, as presented to this court, is clearly one which a reasonable person should entertain. Plaintiff's injuries are significant. She has a lost wage claim and her medical bills are in excess of $15,000.
The plaintiff is granted the prejudgment remedy of an attachment in the amount of $100,000 on real property interests of the defendant.
Adams, J.