[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff, Hallmark Woodworkers, Inc. (Hallmark), has applied for a prejudgment remedy in the form of an attachment on real property owned by the defendant, Daniel Valentine (Valentine), located at 244 Old Branchville Road, Ridgefield, Connecticut, as further described in the application. A hearing was held before this court on January 22, 2001.
Hallmark's president, John Griffin, testified that he and Valentine had a signed contract for Hallmark to supply and install architectural millwork at a residence located at 244 Old Branchville Road. A written document entitled "contract," signed by Griffin and Valentine, identifies CT Page 1962 work already completed by January 1, 2000, and additional items of work, with a total price of $89,950. Griffin testified that all the work described on the contract had been completed and installed, and there is an unpaid balance due of $35,618.78.
Valentine testified that he had never seen the first page of the contract; however, he testified that the first page was an accurate representation of the agreement with Hallmark. Valentine also testified that he believed the contract was between Hallmark and Valentine's company, Master Builders. Valentine agreed that all payments to Hallmark for the work had not been made, but he was unsure as to the unpaid amount. He testified that certain items of work had not been completed or installed.
 I PROBABLE CAUSE
In reviewing an application for a prejudgment remedy, the court, pursuant to General Statutes § 52-278d(a), must determine whether probable cause exists that the plaintiff will obtain a judgment in an amount equal to or greater than the remedy sought. Probable cause has been defined as:
 [A] bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . (Internal quotation marks omitted; emphasis omitted.)
DuFraine v. CHRO, 236 Conn. 250, 261 (1996). Probable cause is something less than the weight of the evidence. In other words, the probable cause standard does not require that a belief be correct or more likely true than false. Furthermore, the probable cause hearing is not a full trial on the merits. See Goodwin v. Pratt, 10 Conn. App. 618, 621 (1987).
While there is an issue as to whether the contract was, or was intended to be, between Hallmark and Valentine or Hallmark and Master Builder, the court finds that there is probable cause that Hallmark will prevail against Valentine. The contract appears to be signed by Valentine, individually, and the work was performed on a house which Valentine had contracted to purchase, and indeed, now lives in. On the other side of the issue, Hallmark sent invoices to Master Builders, and at least one drawing of the work references Master Builder as the client. On balance, CT Page 1963 the Hallmark claim against Valentine is clearly one the court should entertain.
As noted, Valentine contests an unspecified dollar amount of the work as not being completed. The contract calls for 18 percent interest on unpaid balances, beginning February 15, 2001, and attorney's fees. Valentine states that he did not agree to pay all sums due by that date. The court orders a prejudgment remedy in the amount of $36,760, calculated on estimates of a $32,000 unpaid balance, 18 percent interest for eight months, and $1000 attorney's fees.
Adams, J.