[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on the plaintiff's motion for a prejudgment remedy. The defendants object to the prejudgment remedy claiming that the defendants' property is exempt, there is adequate insurance to pay any judgment and that there is no probable cause that the plaintiff suffered the injury he claimed as a result of the plaintiff's acts. The defendants asserted that the prejudgment should not enter because the defendants' property was exempt, there was adequate insurance to satisfy any judgment a jury could award and the plaintiff is not likely to prevail.
To establish that the defendants' assets were exempt pursuant to General Statutes § 52-278d (a)(3), the defendants presented a photocopy of a notarized statement of net worth as of October 30, 2001 of and purportedly signed by the Vanessa Cooper and her husband. The statement was not admitted into evidence as exhibit, but rather attached as Exhibit 2 to the "Defendants' Motion to Dismiss the Plaintiff's Request for PJR." The statement lists a "tax sheltered annuity" valued at $42,000. A "pension plan" valued at $44,000, cash of $6,500 and automobiles valued at $299,100. Even assuming the statement is authentic, it does not establish that the defendants' assets are exempt both because it is not evidence and second because it is declaratory and not explanatory.
The defendants also claim that the prejudgment remedy should not issue because there is adequate insurance to pay any damages which a jury could award. The defendants failed to introduce the insurance policy and both counsel for the defendants and counsel for the insurer admitted that they had not seen or read the policy and when offered the opportunity to represent to the court that such coverage existed and that there were no exclusions or other limitations on or defenses to coverage such that the defendants' representations that the policy would indeed satisfy any damage award, they both declined. CT Page 17251
The only claim which remains to be considered is whether there is probable cause to believe that the plaintiff sustained the injuries he claims. The plaintiff claims that he was injured and suffered a permanent partial disability in an automobile collision in which the defendant Vanessa Cooper struck the police cruiser in which he was sitting from the rear on February 27, 1997. The defendants claim that the plaintiff's disability could not have been caused by the collision. In support of its claim the defendants presented evidence establishing that there was nominal, if any, damage to the plaintiff's vehicle. (Defendants' Exhibits A, B and M). The defendants also introduced various medical reports and the and the Findings of Fact of the Workers' Compensation Commission to support its claims Exhibit N. Two of the findings were that the defendant did sustain an injury as he claims in his complaint and that he sustained a 12% permanent partial disability to the back as a result of his injury. (Defendants' Exhibit N).
The defendants introduced into evidence the Agreement as to Workers' Compensation dated November 3, 1998 and signed by the plaintiff and his employer, stating that the plaintiff suffered a permanent partial disability to the back on February 28, 1997 (Plaintiff's Exhibit 1). The Workers Compensation Commission Findings of Fact stated that Mr. Clark was seen by Dr. Krompinger, an orthopedic surgeon specializing in spinal ailments, who read his MRI and opined that Mr. Clark suffered from a congenital effusion of the spine and a central bulge at the first mobile segment. The Workers Compensation Commission further found that after consulting with various other specialists concerning the plaintiff's condition, Dr. Krompinger opined that "within reasonable medical probability, . . . (Mr. Clark's) injury was causally related to the February 27, 1997 work-related motor vehicle accident." (Defendants' Exhibit N).
In support of its challenge to Dr. Krompinger's opinion, the defendants introduced evidence that other doctors disagreed with Dr. Krompinger's opinion. That evidence consisted of Dr. Patel's statement that the plaintiff had a possible pathogenic disk degeneration (Defendants' Exhibit C), Dr. Sandowski's statement that Mr. Clark had low back pain from a minor low back strain in which there was a very large and significant emotional component and that Mr. Clark was being over-treated (Defendants' Exhibit D). Dr. Sandowski's recommended that the plaintiff lose weight and increase his activities (Defendants' Exhibit F). Dr. Sandowski's opined that Mr. Clark did not have a permanent disability (Defendants' Exhibit H) and that he was not a candidate for surgery (Defendants' Exhibit I). The defendants also introduced evidence establishing that plaintiff was treated by Dr. Filippini with narcotics, and anti-inflammatory drugs for moderately severe spasm and tenderness of CT Page 17252 the cervical spine for and diffuse spasm and severe tenderness of the lumbar spine which was worse at the lumbao-sacral junction. The defendants assert that this opinion was based upon the plaintiff's erroneous report to Dr. Filippini that he was in a car which was struck from the rear at a "high rate of speed, causing him to be thrown about the interior of the car in some unknown fashion."
The defendants also attempted to impeach the credibility of the plaintiff by asserting a discrepancy in his statement to his treating physician concerning the manner in which he was injured and his testimony at the hearing. At the hearing he denied that he was struck at a "high rate of speed" and he denied that he was "thrown about the vehicle" as a result of the impact.
Probable cause has also been defined as the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for "prosecuting an action. Paranto v. Ball,132 Conn. 568, 571, 46 A.2d 6; McGann v. Allen, 105 Conn. 177, 186,134 A. 810; Zitkov v. Zaleski, 102 Conn. 439, 444, 128 A. 779. Clarifying the concept of "probable cause" as that term is used in our prejudgment remedy statutes, in Three S. Development Co. v. Santore, 193 Conn. 174,175-76, 474 A.2d 795 (1984), the court stated: "`The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and 10 Conn. App. 621 such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' Wall v. Toomey, 52 Conn. 35, 36
(1884). Proof of `probable cause,' as a condition of obtaining a prejudgment remedy, is not as demanding as proof by a fair preponderance of the evidence. Thus, in Wall v. Toomey, 52 Conn. 35, 36. The court's role in such a hearing is to determine probable success by weighing probabilities." Goodwin v. Pratt, 10 Conn. App. 618, 524 A.2d 1168, 1170, (1987). See also Solomon v. Aberman, 196 Conn. 359, 363, 493 A.2d 193
(1985); Michael Papa Associates v. Julian, 178 Conn. 446, 447, 423 A.2d 105
(1979); Pero Building Co. v. Smith, 6 Conn. App. 180, 182-83, 504 A.2d 524
(1986); L. Suzio Concrete Co. v. Salafia, 3 Conn. App. 404, 406-407,488 A.2d 1280 (1985). Probable cause is a flexible common sense standard which does not demand that a belief be correct or more likely true than false. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502
(1983). The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim.Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577,584, 376 A.2d 60 (1977).
The determination as to probable cause, in civil cases, is to be reached by an application of the factual and practical considerations of everyday life on which reasonable and prudent men act. Dufraineu v.CT Page 17253CHRO, 236 Conn. 250, 261, 316 A.2d 517 (1996), citing State v. Wilson,153 Conn. 39, 41, 212 A.2d 75. Rzucidlo v. Newtown Realty, Inc.,30 Conn. Sup. 33, 316 A.2d 514 (1974). The trier of the fact is entitled to draw reasonable inferences based on the facts proven. Duley v.Plourde, 170 Conn. 482, 486-87, 365 A.2d 1148 (1976).
In considering whether probable cause is present, the trial court must consider the evidence of both parties because a valid defense may defeat probable cause. As this court noted in Augeri v. C.F. Wooding Co.,173 Conn. 426, 429, 378 A.2d 538 (1977). "At a prejudgment remedy hearing a good defense, such as infancy or the running of the statute of limitations, will be enough to show that there is no `probable cause that judgment will be rendered in the matter in favor of the plaintiff.'" (Emphasis added.) Roberts v. Caton, 224 Conn. 483, 619 A.2d 844, 849
(1993). The hearing in probable cause for the issuance of a prejudgment remedy is not, however, contemplated to be a full scale trial on the merits of the plaintiff's claim. The trial court need not make a full and final decision on the plaintiff's claim, rather, the trial court need only weigh the evidence presented and "determine probable success by weighing probabilities. Three S. Development Co. v. Santore, 193 Conn. 174,176, 474 A.2d 795 (1984).
The plaintiff has the burden of demonstrating "that there is probable cause to sustain the validity of [his] claim." General Statutes §52-278e(c) Dufraineu v. CHRO, 236 Conn. 250, 261, supra; see Self-ServiceSales Corporation v. Heinz, 1 Conn. App. 188, 191-92, 470 A.2d 701
(1984).
The Workers' Compensation Commission, the plaintiff's employer and Dr. Krompinger all concluded that Mr. Clark was permanently disabled by the collision with the defendant. Although Drs. Filippini, Sandowski and Patel and Sandowski disagree with Dr. Krompinger, the fact that they disagree does not mean that a man of ordinary prudence and judgment would not believe Dr. Krompinger. The defendants did not cast doubt on his training, education or experience nor did they impugn his honesty or integrity. Presumably, Dr. Krompinger is a reasonable prudent professional who had knowledge of facts sufficient to justify his reasonable belief that the plaintiff's injuries were caused by Ms. Cooper. The court does not have to determine that Dr. Krompinger's opinion is more likely than not to be true or to conduct a full hearing to determine whether or not it is true. The court has considered the evidence presented in support of the claims of each party and has concluded that the plaintiff has presented sufficient facts from which it has already been determined and a reasonably cautious and prudent person could logically conclude that the plaintiff's claim that he was permanently disabled due to a rear end collision with the defendant CT Page 17254 Vanessa Cooper is true.
Applying the foregoing facts to the applicable law, and the court finds that the plaintiff has borne his burden of proof and grants his motion for a prejudgment remedy against the defendants subject to statutory exemptions.
Vanessa L. Bryant, Judge.