[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present proceeding arises out of an application for a pre-judgment attachment of funds being held in escrow.
The following factual picture is developed from the evidence: Bonita J. Dublin (hereinafter the plaintiff) and Darrell C. Dublin (hereinafter the defendant) were married on December 12, 1980 at Beacon Falls, Connecticut. Subsequently, the marriage deteriorated and in early 1987, the parties finally separated. At the time of the separation, the parties jointly owned a rental property located at 72 Burton Street, Waterbury, Connecticut. Also at this time, the parties jointly owned the marital residence located at 5 Woodland Terrace, Prospect, Connecticut.
While the parties were separated and before the dissolution action was initiated, the defendant commenced living with Barbara Caulfield (hereinafter Caulfield) who eventually became the defendant's wife. In January, 1987, the defendant agreed to allow Caulfield to store her personal belongings and property in the basement of the Burton Street property. The defendant never notified the plaintiff that he had given Caulfield permission to store her property at the premises.
In early February 1987, the plaintiff discovered Caulfield's property and thereafter she consulted with an attorney as to how the property could be removed from the subject premises. As a result of this consultation, the plaintiff notified Caulfield by a certified mail letter dated February 19, 1987 that the property must be removed from the premises by February 27, 1987; and if she did not remove the property by this date, the property would be removed for her. When the property was not removed from the premises by February 27, 1987, the plaintiff had most of Caulfield's property removed to the Prospect dump where it was destroyed. The property that was left in the basement was destroyed or defaced, resulting in the total loss to Caulfield's property.
When Caulfield determined that her property had been destroyed, she went to the Waterbury Police Department on February 27, 1987 to file a complaint against the plaintiff. At all times relevant to the instant proceedings, the defendant was a member of the Waterbury Police Department. The next time that Caulfield CT Page 3877 returned to the Waterbury Police Department in connection with her complaint was on March 19, 1988. Thereafter the plaintiff was arrested in connection with the destruction of the property; and subsequently the case was nolled.
Caulfield instituted a civil action against the plaintiff; and in connection with that proceeding, she attached the plaintiff's interest in the Prospect, Connecticut property. That litigation has not been resolved. The civil action was commenced subsequent to the dissolution of the parties' marriage.
On March 4, 1988, the court, Santos, J., dissolved the marriage between the parties. As part of that judgment, the defendant was to quit-claim his interest in the Prospect, Connecticut property to the plaintiff. In return, the plaintiff was to give the defendant a Thirty Thousand ($30,000) Dollar mortgage without interest which would be due and payable on March 4, 1990, or upon sale of the property, if that occurs prior to two (2) years. This particular part of the judgment was accomplished between the parties.
In the present proceeding, the plaintiff has attached to the prejudgment application a proposed one count complaint wherein she alleges the following: a breach of an implied contract to indemnify on the part of the defendant; that if Caulfield prevails in her lawsuit against the plaintiff for the destruction of her property, the defendant should be responsible for one-half of the damages since he allowed Caulfield to store her property; and that if Caulfield prevails in her claim against the plaintiff, the defendant should reimburse the plaintiff for one-half or all of the award because he was a co-owner of the Burton Street property.
First, it must be ascertained as to what the standard of proof is in order for the plaintiff to have the instant application granted. In order for the court to grant an application for a Pre-Judgment Remedy, the plaintiff must prove probable cause to sustain the validity of her claim. Connecticut General Statutes Section 52-278d(a). Probable cause is a flexible common sense standard; it does not demand that belief be correct or more likely true than false. L. Suno Concrete Co., Inc. v. Salafia, 3 Conn. App. 404 (1985). In proceeding on an application for a prejudgment remedy, the court must evaluate arguments and evidence produced by both parties, since a good defense will be sufficient to show there is no probable cause that judgment will be rendered in favor of the plaintiff. Augeri v. C.F. Wooding Co., 173 Conn. 426 (1977).
In a review of the evidence and the arguments put forth by the parties, the only conclusion that can be reached is that the plaintiff has not sustained her burden that there is probable CT Page 3878 cause that a judgment will be rendered in her favor.
The only conclusion that can be reached is that the plaintiff in an intentional and deliberate act removed and destroyed Caulfield's property after determining that Caulfield was the owner of the property. Because of this intentional conduct, there is nothing that the defendant may have done that would make him responsible for any portion of an award that Caulfield might obtain. It would not make any difference that the defendant allowed Caulfield to store her property on the premises nor that the defendant was a co-owner of the Burton Street property. If the plaintiff did not like the property being stored on the premises, she could have had the property removed and stored at another place; and then she could have had Caulfield become responsible. The property was removed and destroyed by the plaintiff, simply because the property belonged to the defendant's future wife. Therefore, the plaintiff must now become solely responsible for the destruction of Caulfield's property.
Accordingly, the application for a pre-judgment attachment of escrowed funds and other property is denied.
BYRNE, JUDGE